53 F.3d 347
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 John T. CHAMBERS, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 94-7009.
 United States Court of Appeals, Federal Circuit.
 April 17, 1995.
 
 Before ARCHER, Chief Judge, FRIEDMAN, Senior Circuit Judge, and BRYSON, Circuit Judge.
 ON MOTION
 ORDER
 BRYSON, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves for a summary affirmance of the Court of Veterans Appeals' judgment dismissing John T. Chambers' appeal for lack of jurisdiction. We treat the Secretary's motion as a motion for leave to file an overlong motion. Chambers submits a response.
 
 
 2
 In June 1988, the regional office decreased Chambers' disability evaluation for corneal opacity of the left eye with impaired visual acuity from 20% to 10% and determined that an increased compensable rating for conjunctivitis was not warranted. Chambers filed a Notice of Disagreement (NOD) on September 19, 1988. Chambers' sight was subsequently reevaluated and the regional office in 1989 increased Chambers' left eye evaluation from 10% to 30%, but denied an increased evaluation for conjunctivitis. Chambers submitted a second statement in support of claim which stated that he was "in disagreement" with the regional office.
 
 
 3
 The Board of Veterans Appeals affirmed the denial of compensation for conjunctivitis and remanded the claim for an increased eye evaluation. After a second hearing in August 1990, the regional office confirmed the evaluation of a 30% disability, but determined that Chambers had established entitlement to Special Monthly Compensation for the loss of use of his left eye. On March 11 and 26, 1991, Chambers filed two additional statements in support of claim which expressed his desire to continue his appeal.
 
 
 4
 In September 1991, the Board of Veterans Appeals again remanded the matter to the regional office. Chambers continued to request further consideration of his case in a document dated December 5, 1991. In August 1992, the Board of Veterans Appeals affirmed the findings of the regional office.
 
 
 5
 Chambers appealed. The Court of Veterans Appeals dismissed Chambers' appeal for lack of jurisdiction because he had not filed a NOD on or after November 18, 1988. See 38 U.S.C. Sec. 7105 Note. Chambers appealed to this court.
 
 
 6
 This court stayed Chambers' appeal pending our decision in Hamilton v. Brown, nos. 93-7090, -7091. In Hamilton, we affirmed the Court of Veterans Appeals' holding that the veterans court does not have jurisdiction if the NOD that initiated Board review was filed before November 18, 1988. Hamilton v. Brown, 39 F.3d 1574 (Fed.Cir.1994). See 38 U.S.C. Sec. 7105 Note.
 
 
 7
 The Secretary argues that the Court of Veterans' Appeals decision that it had no jurisdiction over Chambers' appeal should be summarily affirmed based on our holding in Hamilton. We agree. Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). In the present case, it is clear that summary disposition is warranted. This case involves the same issue that was presented in Hamilton. As in Hamilton, the Court of Veterans Appeals had no jurisdiction because the NOD that initiated Board review was filed before November 18, 1988.
 
 
 8
 Chambers argues that the statement in support of claim which he filed before November 18, 1988 was not a NOD.* However, the document is specifically labeled a NOD and the Court of Veterans Appeals found that it was a jurisdictionally valid NOD. We have no jurisdiction to review that factual determination. Albun v. Brown, 9 F.3d 1528, 1529-30 (Fed.Cir.1993); Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 9
 Accordingly,
 
 IT IS ORDERED THAT:
 
 10
 (1) The stay of proceedings is lifted.
 
 
 11
 (2) The Secretary's motion for summary affirmance is granted.
 
 
 12
 (3) The Secretary's motion for leave to file an overlong motion is granted.
 
 
 13
 (4) Each side shall bear its own costs.
 
 
 
 *
 Chambers also contends that it was error for the Court of Veterans Appeals to designate his statement a NOD because he was unaware of the existence of the Court of Veterans Appeals and, consequently, the significance of filing a NOD before November 18, 1988. This argument has no merit