**Nenita R. ALBUN, Claimant–Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Respondent–Appellee.**

**No. 93–7115.**

United States Court of Appeals,
Federal Circuit.

Nov. 22, 1993.

Frank W. Hunger, Asst. Atty. Gen., David M. Cohen, Director, James M. Kinsella, Asst. Director and Gerald M. Alexander, Atty., Commercial Litigation Branch, Dept. of Justice, of Washington, DC, filed respondent-appellee's motion to waive requirements of

Federal Circuit Rule 27(e) and to Dismiss for lack of jurisdiction.

Before NEWMAN, ARCHER, and MAYER, Circuit Judges.

ARCHER, Circuit Judge.

### ORDER

The Secretary of Veterans Affairs moves to dismiss Nenita R. Albun's appeal for lack of jurisdiction. Albun has not responded.

### BACKGROUND

Albun was apparently receiving dependency and indemnity compensation from the Department of Veterans Affairs (VA) as the surviving spouse of a veteran. In 1990, the Manila, Philippines, regional office determined that Albun was living with and holding herself out to be the spouse of another man and thus did not meet the criteria for recognition as the surviving spouse of the veteran for purposes of entitlement. The regional office terminated Albun's entitlement to dependency and indemnity compensation. Albun appealed to the Board of Veterans' Appeals. On July 14, 1992, the Board denied entitlement on the same ground. The Board instructed Albun that any appeal from the Board's decision had to be received by the Court of Veterans Appeals within 120 days of the date of mailing of the Board's decision. 38 U.S.C. § 7266(a) (Supp. III 1991).

On May 5, 1993, the Court of Veterans Appeals issued an order stating that on March 29, 1993, it received a letter from Albun which it treated as a notice of appeal.[1] The court stated that Albun's appeal appeared to be untimely because it was not filed within 120 days after the mailing of the Board's decision. The Court of Veterans Appeals directed Albun to show cause within 50 days why her appeal should not be dismissed as untimely. Albun filed a "motion" within 50 days that did not address the timeliness issue. Albun subsequently submitted,

beyond the 50–day period, another motion that addressed the timeliness issue. In that motion, Albun argued that she had mailed a letter dated July 31, 1992, which was her notice of appeal.

On July 7, 1993, the Court of Veterans Appeals dismissed Albun's appeal for lack of jurisdiction because Albun's notice of appeal was not received within the 120–day statutory period. The Court of Veterans Appeals noted that the letter dated July 31, 1992 had not been received by the Court of Veterans Appeals, and that a copy of that letter and a notice of appeal had been received March 3, 1993.[2] On August 25, 1993, the Court of Veterans Appeals entered judgment dismissing the appeal, 6 Vet.App. 34 and Albun timely appealed to this court.

### DISCUSSION

 Most appeals to the Federal Circuit from sources other than the Court of Veterans Appeals involve reviewing judgments of trial courts and decisions of administrative agencies. In such appeals, this court generally has power to review many types of issues, including questions of fact and the application of the law to the facts of the case. And when a trial court or an administrative agency dismisses a case for lack of jurisdiction, this court has jurisdiction to determine whether the jurisdictional ruling of the trial court or administrative agency was correct. *See, e.g., Galloway Farms, Inc. v. United States,* 834 F.2d 998, 1000 (Fed.Cir.1987) (jurisdiction to determine the subject matter jurisdiction of a district court); *Maddox v. Merit Sys. Protection Bd.,* 759 F.2d 9, 10 (Fed.Cir.1985) ("the inherent power to determine our own jurisdiction and that of the" Merit Systems Protection Board).

 Unlike in appeals from a trial court or administrative agency, in appeals from the Court of Veterans Appeals, Congress denied this court the usual broad scope of review and limited this court's review to certain

---

1. That letter, dated January 28, 1993, contained a copy of and requested information about a letter dated July 31, 1992 that Albun stated she had sent to the Court of Veterans Appeals sometime in August 1992.

2. There appears to be a discrepancy between the date of receipt noted in the court's docket and order to show cause (March 29, 1993) and in the court's final order (March 3, 1993).

statutory, regulatory, and constitutional issues. In particular, 38 U.S.C. § 7292(d)(2) (Supp. III 1991) provides that, except to the extent that an appeal presents a constitutional issue, this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." If an appeal to this court from the Court of Veterans Appeals does not raise a constitutional question, a question as to the interpretation of a constitutional or statutory provision, or the interpretation or validity of a regulation relied upon by the Court of Veterans Appeals, section 7292(d) requires this court to dismiss the appeal for lack of jurisdiction. *See Livingston v. Derwinski*, 959 F.2d 224, 226 (Fed. Cir.1992).

Thus, we have reviewed jurisdictional decisions of the Court of Veterans Appeals when such review involved a constitutional question, the interpretation of a statutory or constitutional provision, or the interpretation or validity of a regulatory provision relied upon by the Court of Veterans Appeals. *See, e.g., Strott v. Derwinski*, 964 F.2d 1124, 1128 (Fed.Cir.1992) (interpreting statute and regulation concerning notice of disagreement to determine jurisdiction); *Butler v. Derwinski*, 960 F.2d 139, 140–41 (Fed.Cir.1992) (interpreting 38 U.S.C. § 7266 as not allowing an extension of time to appeal upon a showing of good cause); *Espelita v. Derwinski*, 958 F.2d 1052, 1052–53 (Fed.Cir.1992) (interpreting "filed" in 38 U.S.C. § 7266 and Court of Veterans Appeals Interim Rule 25(a)); *Nagac v. Derwinski*, 933 F.2d 990, 990–91 (Fed. Cir.1991) (constitutional challenge to Court of Veterans Appeals' application of the jurisdictional bar to hearing a case when notice of disagreement filed before November 18, 1988); *Burton v. Derwinski*, 933 F.2d 988, 989 (Fed.Cir.1991) (interpreting "notice of disagreement" in jurisdictional statute); *Belarmino v. Derwinski*, 931 F.2d 1543, 1544 (Fed.Cir.1991) (constitutional challenge to Court of Veterans Appeals' jurisdictional statute); *Prenzler v. Derwinski*, 928 F.2d 392, 393–94 (Fed.Cir.1991) (interpreting "agency of original jurisdiction" in regulation governing jurisdictional notice of disagreement requirement); *Machado v. Derwinski*, 928 F.2d 389, 391 (Fed.Cir.1991) (rejecting argument concerning constitutional right to be informed of appeal rights by Board of Veterans' Appeals).

■ In this case, the Secretary moves to dismiss on the ground that Albun is not seeking review of a matter within our limited jurisdiction. The Secretary argues that in dismissing Albun's appeal for lack of jurisdiction the Court of Veterans Appeals only made factual determinations and applied the law to the facts of the case. In her informal brief, Albun argues only the merits of her benefits claim. Albun has not responded to the Secretary's motion.

Having considered the Secretary's argument and the jurisdictional argument Albun made to the Court of Veterans Appeals, we conclude that we lack jurisdiction to review this case. In her untimely motion responding to the court's order to show cause, Albun stated that she mailed a notice of appeal that should have been received by the Court of Veterans Appeals in a timely manner. The Court of Veterans Appeals however found that it did not receive the "July 31, 1992 letter" within 120 days of the Board's July 14, 1992 decision. The court ultimately found that it first received a copy of the letter on March 3, 1993 as an attachment to another letter. Thus, Albun challenged the factual determination that the Court of Veterans Appeals did not receive the July 31, 1992 notice of appeal within the appeal period. Albun also challenged the application of the 120–day appeal time requirement in 38 U.S.C. § 7266(a) to her March 3, 1993 letter. Albun's challenge to the Court of Veterans Appeals' dismissal of her appeal does not raise any constitutional issues, and does not involve the interpretation of a statutory or constitutional provision or the interpretation or validity of a regulation relied upon by the Court of Veterans Appeals. Thus, no issue is raised that falls within the jurisdiction of this court under 38 U.S.C. § 7292(c), (d) (Supp. III 1991), and the appeal must be dismissed.

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's Motion to Dismiss for Lack of Jurisdiction is granted.

(2) Each party shall bear its own costs.