22 F.3d 1106
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Jesse Wilson JEFFRESS, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 94-7020.
 United States Court of Appeals, Federal Circuit.
 March 25, 1994.
 
 Before MICHEL, Circuit Judge, BENNETT, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON MOTION
 ORDER
 PER CURIAM.
 
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to summarily affirm or in the alternative to dismiss Jesse Wilson Jeffress' appeal for lack of jurisdiction. Jeffress has filed various motions and opposes the Secretary's motions.
 
 
 2
 On July 15, 1993, the Board of Veterans Appeals remanded Jeffress' case, involving an increased evaluation for depressive reaction, to the regional office. Jeffress appealed to the Court of Veterans Appeals and petitioned for a writ of mandamus to retrieve his claims file from the regional office to prevent alteration of the file. On September 29, 1993, the Court of Veterans Appeals dismissed Jeffress' appeal from the remand order, for lack of jurisdiction, and denied Jeffress' petition for a writ of mandamus. Jeffress appealed to this court.
 
 
 3
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this Court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 4
 We have reviewed the various materials submitted by Jeffress. In his informal brief, Jeffress states that the remand order should have been treated as appealable and that the Court of Veterans Appeals failed to consider various facts when it denied his petition for a writ of mandamus. Thus, Jeffress challenges only factual determinations or the application of the law to his case. As this court has no jurisdiction to conduct such an inquiry, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992); Albun v. Brown, 9 F.3d 1528, 1530 (Fed.Cir.1993).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) The Secretary's motion for summary affirmance is denied.
 
 
 9
 (4) Jeffress' motions are denied.
 
 
 10
 (5) Each side shall bear its own costs.