36 F.3d 1111
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Betty ARENSBURG, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 94-7082.
 United States Court of Appeals, Federal Circuit.
 July 26, 1994.
 
 Before RICH, Circuit Judge, BENNETT, Senior Circuit Judge, and MICHEL, Circuit Judge.
 ON MOTION
 RICH, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Betty Arensburg's appeal for lack of jurisdiction. Arensburg has not responded.
 
 
 2
 On June 28, 1993, the Board of Veterans Appeals denied Arensburg's claim for waiver of an overpayment of improved death pension benefits. Arensburg filed a notice of appeal on December 6, 1993, or 131 days after the Board's decision. In an order dated March 9, 1994, the Court of Veterans Appeals held that a notice of appeal must be filed within 120 days of the date that the Board's decision is mailed, 38 U.S.C. Sec. 7266. Therefore, the Court of Veterans Appeals dismissed Arensburg's appeal as untimely.
 
 
 3
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this Court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 4
 In her informal brief, Arensburg does not address the timeliness issue, rather she asks for reconsideration of the merits of her claim. This court, however, has no jurisdiction to review Board factual determinations that were not even considered by the Court of Veterans Appeals. Further, even if Arensburg were challenging the finding that her appeal was untimely, this court would have no jurisdiction to review that determination. See Albun v. Brown, 9 F.3d 1528, 1530 (Fed.Cir.1993) (this court has no jurisdiction to review the factual determination that an appeal was untimely). Thus, Arensburg's appeal must be dismissed. Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Each side shall bear its own costs.