40 F.3d 1249
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Marcela M. PAGUIA-RANES, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 94-7084.
 United States Court of Appeals, Federal Circuit.
 Oct. 14, 1994.
 
 Before CLEVENGER, Circuit Judge, COWEN, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ON MOTION
 ORDER
 SCHALL, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Marcela M. Paguia-Ranes's appeal for lack of jurisdiction. Paguia-Ranes has not responded.
 
 
 2
 On November 17, 1992, the Board of Veterans Appeals determined that Paguia-Ranes had forfeited her rights to death benefits on the ground that Paguia-Ranes knowingly and deliberately made false statements concerning an ostensible marital relationship after the veteran's death. The Board received a motion for reconsideration on April 5, 1993, or 139 days after the date that the Board's decision was mailed to Paguia-Ranes. On July 1, 1993, or 226 days after the Board's decision was mailed to Paguia-Ranes, she filed her notice of appeal with the Court of Veterans Appeals.
 
 
 3
 The Court of Veterans Appeals, noting that a notice of appeal from a Board's decision must be received by the Court of Veterans Appeals within 120 days of the date that the Board's decision is mailed to the claimant, see 38 U.S.C. Sec. 7266, dismissed Paguia-Ranes's appeal as untimely. The Court of Veterans Appeals rejected Paguia-Ranes's argument that her motion for reconsideration tolled the time period for appeal because the motion for reconsideration was itself filed outside of the 120-day appeal period. See Butler v. Derwinski, 960 F.2d 139, 141 (Fed.Cir.1992).
 
 
 4
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this Court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 5
 In her informal brief, Paguia-Ranes argues that her motion for reconsideration was timely filed because weekends and holidays should be excluded and because USCVA Rule 26(c) provides additional days for appellants living in certain areas to file documents. Paguia-Ranes's argument, that the Court of Veterans Appeals improperly dismissed her appeal as untimely, is only an argument that the Court of Veterans Appeals incorrectly applied the law to the facts of her case. As this court has no jurisdiction to conduct such an inquiry, this appeal must be dismissed. See Albun v. Brown, 9 F.3d 1528, 1530 (Fed.Cir.1993) (this court lacks jurisdiction to review factual determinations or applications of the law to facts in appeals dismissed by the Court of Veterans Appeals as untimely); Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 8
 (2) The Secretary's motion to dismiss is granted.
 
 
 9
 (3) Each side shall bear its own costs.