43 F.3d 1485
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James R. CROMEENES, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 94-7099.
 United States Court of Appeals, Federal Circuit.
 Dec. 6, 1994.
 
 Before MAYER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and PLAGER, Circuit Judge.
 ON MOTION
 PLAGER, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss James R. Cromeenes' appeal for lack of jurisdiction. The Secretary states that Cromeenes opposes.
 
 
 2
 Cromeenes sought service connection for a back disorder. The Board of Veterans Appeals denied service connection in 1971. Cromeenes sought to reopen his claim, and the Board declined to reopen in 1991. The Court of Veterans Appeals affirmed the Board's decision in 1993.
 
 
 3
 Cromeenes again sought to reopen his claim at the regional office. Apparently, after the regional office's decision denying reopening, Cromeenes appealed to the Court of Veterans Appeals without first appealing to the Board. The Court of Veterans Appeals dismissed Cromeenes' appeal as untimely and for failure to comply with the court's rules. Cromeenes timely appealed to this court.
 
 
 4
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this Court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 5
 In his informal brief, Cromeenes does not argue that his appeal was timely or that the Court of Veterans Appeals had jurisdiction. Cromeenes mainly argues that there is evidence that he is disabled and that factual determinations were erroneously made. As this court has no jurisdiction to conduct an inquiry into the facts concerning his disability, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992); Albun v. Brown, 9 F.3d 1528, 1530 (Fed.Cir.1993) (in reviewing the Court of Veterans Appeals' dismissal for lack of jurisdiction, this court has no jurisdiction to review factual determinations or the application of the law to the facts).
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 8
 (2) The Secretary's motion to dismiss is granted.
 
 
 9
 (3) Each side shall bear its own costs.