47 F.3d 1184
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Michael L. GILSTRAP, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 94-7028.
 United States Court of Appeals, Federal Circuit.
 Jan. 31, 1995.
 
 Vet.App., 1993 W.L. 322857.
 MOTION GRANTED.
 Before RADER, Circuit Judge, BENNETT, Senior Circuit Judge, and BRYSON, Circuit Judge.
 ON MOTION
 ORDER
 RADER, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves for summary affirmance of the Court of Veterans Appeals' judgment dismissing Michael L. Gilstrap's appeal for lack of jurisdiction. Gilstrap opposes.
 
 
 2
 On September 14, 1987, the Regional Office denied Gilstrap an earlier effective date for an award of permanent and total rating for pension purposes. Within one year of that denial, Gilstrap filed correspondence which the Board of Veterans Appeals treated as a Notice of Disagreement (NOD). Gilstrap also filed another document in November of 1989. In 1992, the Board denied Gilstrap's claim for an earlier effective date. Gilstrap appealed to the Court of Veterans Appeals.
 
 
 3
 The Court of Veterans Appeals dismissed Gilstrap's claim for lack of jurisdiction, noting that the NOD that initiated appellate review was filed before November 18, 1988. Gilstrap appealed. This court stayed Gilstrap's appeal until we decided Hamilton v. Brown, nos. 93-7090,-7091. In Hamilton, we affirmed the Court of Veterans Appeals' holding that the veterans court does not have jurisdiction if the NOD that initiated Board review was filed before November 18, 1988. Hamilton v. Brown, no. 93-7090,-7091, slip op. at 18, 26 (Fed. Cir. Nov. 8, 1994). See 38 U.S.C. Sec. 7105 Note.
 
 
 4
 The Secretary argues that the Court of Veterans Appeals' decision that it had no jurisdiction over Gilstrap's appeal should be summarily affirmed based on our holding in Hamilton. We agree. Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994). In the present case, it is clear that summary disposition is warranted. This case involves the same issue that was presented in Hamilton. As in Hamilton, the Court of Veterans Appeals had no jurisdiction because the NOD that initiated Board review was filed before November 18, 1988.
 
 
 5
 Gilstrap argues that the correspondence he filed before November 18, 1988 was not a NOD and that the document he filed in November of 1989 was his NOD. The Court of Veterans Appeals found that Gilstrap filed a valid NOD before November 18, 1988. We have no jurisdiction to review that factual determination or the application of the law to the facts of Gilstrap's case. Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed. Cir. 1992); Albun v. Brown, 9 F.3d 1528, 1529-30 (Fed. Cir. 1993).
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) The stay of proceedings is lifted.
 
 
 8
 (2) The Secretary's motion for summary affirmance is granted.
 
 
 9
 (3) Each side shall bear its own costs.