56 F.3d 80
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 William D. HAMMON, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 93-7122.
 United States Court of Appeals, Federal Circuit.
 May 8, 1995.
 
 Before ARCHER, Chief Judge, FRIEDMAN, Senior Circuit Judge, and BRYSON, Circuit Judge.
 ON MOTION
 ORDER
 BRYSON, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves for summary affirmance of the Court of Veterans Appeals's order dismissing William D. Hammon's appeal for lack of jurisdiction. Hammon opposes.
 
 
 2
 On April 1, 1985, the regional office (RO) denied service connection for post-traumatic stress disorder (PTSD). Hammon filed a notice of disagreement (NOD) on May 6, 1985. In 1987, the Board of Veterans Appeals twice remanded the claim for further psychiatric evaluation, and the RO issued numerous ratings decisions, denying service connection for PTSD. Hammon appealed to the Court of Veterans Appeals.
 
 
 3
 The veterans court dismissed Hammon's case for lack of jurisdiction, noting that no jurisdictionally valid NOD was filed in this case on or after November 18, 1988. Hammon appealed. This court stayed the appeal pending the court's decision in Hamilton v. Brown, Nos. 93-7090, -7091. In Hamilton, we affirmed the Court of Veterans Appeals's holding that the veterans court does not have jurisdiction if the NOD that initiated Board review was filed before November 18, 1988. Hamilton v. Brown, 39 F.3d 1574, 1586 (Fed. Cir. 1994). See 38 U.S.C. Sec. 7105 note.
 
 
 4
 The Secretary contends the Court of Veterans Appeals's decision that it had no jurisdiction over Hammon's appeal should be summarily affirmed based on our holding in Hamilton. Hammon contends summary affirmance is not appropriate because his case involves an issue not addressed in Hamilton. Specifically, Hammon argues that when the Board of Veterans Appeals remanded to the RO for further psychiatric evaluations, the Board was divested of jurisdiction during the pendency of review of those evaluations by the RO. Hammon thus concludes that NODs he filed after each rating decision are jurisdictionally valid for purposes of review in this court.
 
 
 5
 Those circumstances, however, are identical to the circumstances of Hamilton. In Hamilton, the Board of Veterans Appeals also remanded more than once for further adjudication. This court affirmed the Court of Veterans Appeals's holding that there can be only one NOD under such circumstances. In this case, the Court of Veterans Appeals found there was only one jurisdictionally valid NOD and that it was filed before November 18, 1988. We have no jurisdiction to review that factual determination. Albun v. Brown, 9 F.3d 1528, 1530 (Fed. Cir. 1993); Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed. Cir. 1992).
 
 
 6
 Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994) (citation omitted). In the present case, it is clear summary disposition is warranted. This case involves the same issue and the same circumstances that were presented in Hamilton. As in Hamilton, the Court of Veterans Appeals had no jurisdiction because the NOD that initiated Board review was filed before November 18, 1988.
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 (1) The stay of the proceedings is lifted.
 
 
 9
 (2) The Secretary's motion for summary affirmance is granted.
 
 
 10
 (3) Each side shall bear its own costs.