56 F.3d 80
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Edd D. CALDWELL, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 94-7086.
 United States Court of Appeals, Federal Circuit.
 May 9, 1995.
 
 Before ARCHER, Chief Judge, FRIEDMAN, Senior Circuit Judge,and BRYSON, Circuit Judge.
 ON MOTION
 ORDER
 PER CURIAM.
 
 
 1
 The Secretary of Veterans Affairs moves for a summary affirmance of the Court of Veterans Appeals' judgment dismissing Caldwell's appeal for lack of jurisdiction.* The Secretary also moves for leave to file a corrected motion. Caldwell opposes both motions. Caldwell submits documents labelled "Motion And Brief In Opposition," "Motion To Vacate And Demand For Sanctions," and "Brief In Opposition To Appellee's Motion To Alter Factual Record By Inference." The Secretary has not responded.
 
 
 2
 In February 1988, the regional office denied Caldwell's claim for entitlement to special monthly pension benefits. A Notice of Disagreement (NOD) was submitted in June 1988 by the Veterans of Foreign Wars (VFW), Caldwell's then-designated service organization representative. VFW submitted additional written argument to the Board of Veterans Appeals in September 1989.
 
 
 3
 The Board of Veterans Appeals twice remanded the claim for further adjudication. Ultimately, on February 17, 1993, the Board of Veterans Appeals denied Caldwell's claim. In the notice of appellate rights which was attached to the Board's decision, Caldwell was informed that, if he had filed a NOD after November 18, 1988, he could appeal to the Court of Veterans Appeals within 120 days. Instead, Caldwell sought reconsideration of the Board's decision by the Chairman of the Board. Following the denial by the Chairman, Caldwell filed a notice of appeal with the Court of Veterans Appeals on October 18, 1993.
 
 
 4
 The Court of Veterans Appeals dismissed Caldwell's appeal for lack of jurisdiction because he had not filed a NOD on or after November 18, 1988. See 38 U.S.C. Sec. 7105 Note. Caldwell appealed to this court.
 
 
 5
 This court stayed Caldwell's appeal pending our decision in Hamilton v. Brown, nos. 93-7090, -7091. In Hamilton, we affirmed the Court of Veterans Appeals' holding that the veterans court does not have jurisdiction if the NOD that initiated Board review was filed before November 18, 1988. Hamilton v. Brown, 39 F.3d 1574 (Fed. Cir. 1994). See 38 U.S.C. Sec. 7105 Note.
 
 
 6
 The Secretary argues that the Court of Veterans Appeals' decision that it had no jurisdiction over Caldwell's appeal should be summarily affirmed based on our holding in Hamilton. We agree. Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994). In the present case, it is clear that summary disposition is warranted. This case involves the same issue that was presented in Hamilton. As in Hamilton, the Court of Veterans Appeals had no jurisdiction because the NOD that initiated Board review was filed before November 18, 1988.
 
 
 7
 Caldwell argues that the statement in support of the claim that he filed through VFW before November 18, 1988 was not a NOD and was a "false document" submitted by the Secretary. However, the document is specifically labeled a NOD and the Court of Veterans Appeals found that it was a jurisdictionally valid NOD. We have no jurisdiction to review that factual determination. Albun v. Brown, 9 F.3d 1528, 1529-30 (Fed. Cir. 1993); Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed. Cir. 1992).
 
 
 8
 Accordingly,
 
 IT IS ORDERED THAT:
 
 9
 (1) The stay of proceedings is lifted.
 
 
 10
 (2) The Secretary's motion for summary affirmance is granted.
 
 
 11
 (3) The Secretary's motion for leave to file a corrected motion is granted.
 
 
 12
 (4) Caldwell's motion to vacate the orders of this court and motion for sanctions against counsel for the Secretary are denied.
 
 
 13
 (5) Each side shall bear its own costs.
 
 
 
 *
 Although the Secretary's motion is labelled "Motion for Leave to Waive Requirements of Federal Circuit Rule 27(e) and to Dismiss for Lack of Jurisdiction," the Secretary's arguments and request for relief are for summary affirmance. We therefore treat the motion as one for summary affirmance