60 F.3d 840
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Donald R. COTTRELL, SR., Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 95-7035.
 United States Court of Appeals, Federal Circuit.
 June 8, 1995.
 
 Before RICH, Circuit Judge, BENNETT, Senior Circuit Judge, and NEWMAN, Circuit Judge.
 ON MOTION
 ORDER
 RICH, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(e) and to dismiss Donald R. Cottrell, Sr.'s appeal for lack of jurisdiction. Cottrell submits several documents.
 
 
 2
 On November 4, 1994, the regional office informed Cottrell that his claims for service-connected disability compensation had been denied and that he had failed to submit new and material evidence as to other claims that had been denied on May 24, 1989. On November 12, 1994, Cottrell filed a notice of appeal with the Court of Veterans Appeals and indicated that he was appealing from a November 4, 1994 decision of the Board of Veterans Appeals. The Secretary informed the veterans court that the Board had not issued a decision in Cottrell's case on November 4 or on any other date. The Court of Veterans Appeals ordered Cottrell to show cause why the appeal should not be dismissed for lack of jurisdiction. Cottrell did not respond to the court's order. The Court of Veterans Appeals dismissed Cottrell's appeal and Cottrell appealed to this court.
 
 
 3
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 4
 In this case, the Court of Veterans Appeals applied the law regarding its review of a Board's decision to the facts of Cottrell's case. This court lacks jurisdiction to review such a decision. See Albun v. Brown, 9 F.3d 1528, 1530 (Fed. Cir. 1993). In his informal brief, Cottrell seeks only to have this court review his medical records. As this court has no jurisdiction to conduct an inquiry such as this either, Cottrell's appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed. Cir. 1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed. Cir. R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Each side shall bear its own costs.