98 F.3d 1358
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Edward L. ROBINSON, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 96-7045.
 United States Court of Appeals, Federal Circuit.
 Oct. 3, 1996.
 
 Before NEWMAN, RADER, and BRYSON, Circuit Judges.
 ON MOTION
 RADER, Circuit Judge.
 
 ORDER
 
 1
 Edward L. Robinson submits a letter with attachments that the court treats as a motion to leave to file a second supplemental brief. The Secretary of Veterans Affairs consents. The Secretary moves for leave to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Robinson's appeal. Robinson opposes.
 
 
 2
 On July 20, 1994, the Board of Veterans Affairs denied Robinson's renewed claim of entitlement to service connection for a psychiatric disorder. The Board mailed its decision to Robinson at 20819, Topeka Correctional Facility, 815 Southeast Rice Road, Topeka, KS 66607. The decision, however, was returned to the Board as undeliverable. On October 28, 1994, the regional office was informed of Robinson's new address. On November 2, 1994, the Board mailed the July 20 decision to Robinson at 10032 Westport Road, Independence, MO 64052. One hundred twenty-eight days later, on March 10, 1995, Robinson faxed his notice of appeal to the Court of Veterans Appeals.
 
 
 3
 The Secretary moved to dismiss the appeal on the ground that it was not filed within the 120-day statutory period. The veterans court concluded that because Robinson had failed to file his notice of appeal within 120 days after the November 2 remailing, it was untimely and the court lacked jurisdiction. See 38 U.S.C. § 7266(a)(1) ("In order to obtain review by the Court of Veterans Appeals of a final decision of the Board of Veterans' Appeals, a person adversely affected by such decision shall file a notice of appeal with the Court within 120 days after the date on which notice of the decision is mailed pursuant to 7104(e) of this title."). This appeal followed.
 
 
 4
 Pursuant to 38 U.S.C. § 7292, not every decision entered by the Court of Veterans Appeals is appealable. Section 7292(a) provides that a party may only seek review of a decision of the Court of Veterans Appeals with respect to the validity or interpretation of any statute or regulation relied on by the court in making its decision. Further, except to the extent that an appeal presents a constitutional issue, this court may not review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). If an appellant's case does not meet those criteria, § 7292(d) requires this court to dismiss the appeal.
 
 
 5
 Robinson states that he received the remailed Board decision on November 10 and faxed his notice of appeal within 120 days after receipt. Robinson also states that he relied on advice from an aide to a congressman who informed him that the time to appeal ran from the date of receipt. Robinson does not address the statutory language of § 7266(a)(1), which provides that a notice of appeal must be filed within 120 days "after the date on which notice of the decision is mailed...."*
 
 
 6
 In Albun v. Brown, 9 F.3d 1528, 1529 (Fed.Cir.1993), we reviewed the Court of Veterans Appeals' determination that Albun's notice of appeal had not been received within the 120-day statutory period and its dismissal of Albun's appeal for lack of jurisdiction. We dismissed Albun's appeal to this court because it did not "raise any constitutional issues, and does not involve the interpretation of a statutory or constitutional provision or the interpretation or validity of a regulation relied on by the Court of Veterans Appeals." Albun, 9 F.3d at 1530. We held that the Court of Veterans Appeals had made factual findings and applied the law to the facts of the case. The same is true in this case. Because Robinson's appeal does not raise any issues that fall within this court's jurisdiction, 38 U.S.C. § 7292(d)(2), this case must be dismissed. Id.; see also Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 9
 (2) The Secretary's motion to dismiss is granted.
 
 
 10
 (3) Robinson's motion for leave to file a second supplemental informal brief is moot.
 
 
 11
 (4) Each side shall bear its own costs.
 
 
 
 *
 The last page of the Board's decision contains notice that the decision is appealable to the Court of Veterans Appeals within 120 days from the date of mailing of the decision