*953 ON MOTION
CLEVENGER, Circuit Judge.

ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss DeForrorra Locust’s appeal for lack of jurisdiction. Locust opposes.
The Court of Appeals for Veterans Claims dismissed as untimely Locust’s 2000 appeal of a 1996 Board of Veterans’ Appeals decision. Locust appealed to this court.
Pursuant to 38 U.S.C. § 7292, not every decision entered by the Court of Appeals for Veterans Claims is appealable. Section 7292(a) provides that a party may only seek review of a decision of the Court of Appeals for Veterans Claims with respect to the validity or interpretation of any statute or regulation relied on by the court in making its decision. Further, except to the extent that an appeal presents a constitutional issue, this court may not review “(A) a challenge to a "factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.” 38 U.S.C. § 7292(d)(2). If an appellant’s case does not meet these criteria, 38 U.S.C. § 7292(d) requires this court to dismiss the appeal. See In re Bailey, 182 F.3d 860 (Fed.Cir.1999).
In his response to the motion to dismiss, Locust states that he is entitled to “default judgment.” Locust does not challenge the basis of the Veterans Court’s decision, lack of jurisdiction due to the untimely filing of his notice of appeal. Because Locust is not challenging the validity or interpretation of a statute or regulation, or asserting a constitutional issue, this court’s limited jurisdiction does not permit review. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992); 38 U.S.C. § 7292(d); Albun v. Brown, 9 F.3d 1528 (Fed.Cir.1993).
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motion to waive the requirements of Fed. Cir. R. 27(f) is granted.
(2) The Secretary’s motion to dismiss is granted.
(3) Each side shall bear its own costs.