*918 ON MOTION
GAJARSA, Circuit Judge.
ORDER
The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Alvin R. Nash’s appeal for lack of jurisdiction. Nash has not responded.
The Court of Appeals for Veterans Claims dismissed as untimely Nash’s September 15, 2000 appeal of the February 14, 2000 decision of the Board of Veterans’ Appeals. Nash appealed to this court.
Pursuant to 38 U.S.C. § 7292, not every decision entered by the Court of Appeals for Veterans Claims is appealable. Section 7292(a) provides that a party may only seek review of a decision of the Court of Appeals for Veterans Claims with respect to the validity or interpretation of any statute or regulation relied on by the court in making its decision. Further, except to the extent that an appeal presents a constitutional issue, this court may not review “(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.” 38 U.S.C. § 7292(d)(2). If an appellant’s case does not meet these criteria, 38 U.S.C. § 7292(d) requires this court to dismiss the appeal. See In re Bailey, 182 F.3d 860 (Fed.Cir.1999).
In his informal brief, Nash discusses the merits of his underlying ease but does not address the timeliness of his notice of appeal to the Court of Appeals for Veterans Claims. Because Nash .does not challenge any part of the decision of the Veterans Court, Nash’s appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992); 38 U.S.C. § 7292(d); Albun v. Brown, 9 F.3d 1528 (Fed.Cir.1993).
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motion to waive the requirements of Fed. Cir. R. 27(f) is granted.
(2) The Secretary’s motion to dismiss is granted.
(3) Each side shall bear its own costs.