William F. MORRIS, Claimant–Appellant,

v.

Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.

No. 02–7004.

United States Court of Appeals, Federal Circuit.

March 29, 2002.

Before MICHEL, BRYSON and PROST, Circuit Judges.

MICHEL, Circuit Judge.

## ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss William F. Morris's appeal for lack of jurisdiction. Morris opposes.

The Court of Appeals for Veterans Claims dismissed Morris's appeal for failure to file a brief and failure to respond to the order to show cause why his appeal should not be dismissed for failure to file a brief. Morris appealed.

Pursuant to 38 U.S.C. § 7292, not every decision entered by the Court of Appeals for Veterans Claims is appealable. Section 7292(a) provides that a party may only seek review of a decision of the Court of Appeals for Veterans Claims with respect to the validity or interpretation of any statute or regulation relied on by the court in making its decision. Further, except to the extent that an appeal presents a constitutional issue, this court may not review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). If an appellant's case does not meet these criteria, 38 U.S.C. § 7292(d) requires this court to dismiss the appeal. *See In re Bailey,* 182 F.3d 860 (Fed.Cir.1999).

Morris argues in his response and informal brief that the Court of Appeals for Veterans Claims should not have dismissed his case because he had filed a motion for an extension of time to file his brief as well as numerous other motions seeking various relief. Morris does not allege that the court's rules are invalid. At most, his argument is that the Court of Appeals for Veterans Claims' application of the rules to the facts of his case was improper. Such a challenge to a procedural ruling is not within this court's limited jurisdiction. *Albun v. Brown,* 9 F.3d 1528 (Fed.Cir.1993).

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motion to waive the requirements of Fed. Cir. R. 27(f) is granted.

(2) The Secretary's motion to dismiss is granted.

(3) Each side shall bear its own costs.