peal is therefore not within this court's jurisdiction.

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motion to waive the requirements of Fed. Cir. R. 27(f) is granted.

(2) The Secretary's motion to dismiss is granted.

(3) Each side shall bear its own costs.

Raymond C. BAKER, Jr., Claimant–Appellant,

v.

Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.

No. 02–7006.

United States Court of Appeals, Federal Circuit.

May 30, 2002.

Before MAYER, Chief Judge, BRYSON and PROST, Circuit Judges.

ON MOTION

BRYSON, Circuit Judge.

ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R.

27(f) and to dismiss Raymond C. Baker, Jr.'s appeal for lack of jurisdiction. Mr. Baker responds.

On February 15, 2001, Mr. Baker filed a motion with the Chairman of the Board of Veterans' Affairs (BVA) seeking reconsideration of a June 13, 1990 BVA final decision denying a service connection claim for arthritis. The Chairman denied Mr. Baker's motion and Mr. Baker appealed to the United States Court of Appeals for Veterans Claims (the "Veterans Court"). The Veterans Court issued an order concluding that it lacked jurisdiction because Mr. Baker had filed his notice of appeal (NOA) more than 120 days after the 1990 BVA final decision, citing *Mayer v. Brown*, 37 F.3d 618, *overruled on different grounds by Bailey v. West*, 160 F.3d 1360 (Fed.Cir. 1998). Mr. Baker appeals that order to this court.

Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Veterans Court. *See Forshey v. Principi*, 284 F.3d 1335, 1338 (Fed.Cir. 2002) (en banc). Mr. Baker's appeal does not satisfy any of the grounds for invoking this court's jurisdiction. The Veterans Court's order dismissing for lack of jurisdiction did not address or otherwise depend on any issue of validity or interpretation of any statute or regulation, nor did Mr. Baker raise any argument concerning the validity or interpretation of any such provision. *See Albun v. Brown*, 9 F.3d 1528 (Fed.Cir.1993) (appeal seeking review of Veterans Court's dismissal of appeal for lack of jurisdiction based on appellant's failure to submit timely NOA did not fall within this court's jurisdiction).

In his response, the primary issue Mr. Baker raises is that his representative in the 1990 BVA case "should have filed Mr. Baker's motion to reconsider or NOA within 120 days of the Board's 13 Jun 90 decision." Mr. Baker fails to make any specific claims concerning constitutional issues or the validity or interpretation of any statutes or regulations. Mr. Baker's appeal is therefore not within this court's jurisdiction.

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motion to waive the requirements of Fed. Cir. R. 27(f) is granted.

(2) The Secretary's motion to dismiss is granted.

(3) Each side shall bear its own costs.