NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-7029

JOE A. BROWDER, JR.,

Claimant-Appellant,

v.

R. JAMES NICHOLSON,
Secretary of Veterans Affairs,

Respondent-Appellee.

———————————

DECIDED:  June 9, 2006

———————————

Before SCHALL, LINN, and DYK, <u>Circuit Judges</u>.

PER CURIAM.

DECISION

Joe A. Browder, Jr., appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying his claim for service connection. <u>Browder v. Nicholson</u>, No. 04-352 (Vet. App. Oct. 13, 2005).  We <u>dismiss</u> for lack of jurisdiction.

DISCUSSION

I.

Mr. Browder served on active duty in the U.S. Army from August 1974 to August 1975. Browder, slip op. at 1. In September of 1996 a Department of Veterans Affairs ("VA") Regional Office denied Mr. Browder's claim for service connection for alcohol abuse and polysubstance dependence.

Mr. Browder appealed that decision to the Board of Veterans Appeals ("Board"). On June 16, 2003, the Board denied Mr. Browder's claim for service connection, finding that drug addiction and alcohol dependency are not compensable disabilities. Browder v. Nicholson, No. SS 406 82 6139 (Bd. Vet. App. June 16, 2003).

Mr. Browder appealed to the Veterans Court, arguing that the VA committed certain procedural errors, although he did not challenge the Board's legal conclusion. See Browder, slip op. at 1. The Veterans Court affirmed the Board's denial of Mr. Browder's claim, explaining that "[i]rrespective of whether alcohol abuse and polysubstance dependence are developed during service, the law prohibits an award of service connection for those conditions." Id., slip op. at 1-2 (citing 38 U.S.C. § 105(a); 38 C.F.R. § 3.301(d)).

This appeal followed. We have jurisdiction over a final decision of the Veterans Court pursuant to 38 U.S.C. § 7292(a).

II.

On appeal, we will set aside any legal interpretation of the Veterans Court that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 38 U.S.C. § 7292(d)(1). We may not, however, review a challenge to any factual

determination or a challenge to a law or regulation as applied to the facts of a particular case. 38 U.S.C. § 7292(d)(2); see Leonard v. Gober, 223 F.3d 1374, 1376 (Fed. Cir. 2000) ("Section 7292(d)(2) expressly bars us from reviewing challenges to the application of law to the facts of a particular case. We must therefore dismiss Leonard's appeal [regarding the application of equitable tolling to the facts of her case] for lack of subject matter jurisdiction."); Albun v. Brown, 9 F.3d 1528, 1529-30 (Fed. Cir. 1993) (recognizing that "in appeals from the Court of Veterans Appeals, Congress denied this court the usual broad scope of review and limited this court's review to certain statutory, regulatory, and constitutional issues").

On appeal, Mr. Browder contends that the Veterans Court failed to properly review his claim. He asserts that the Veterans Court violated 38 U.S.C. § 5103(a) and 38 C.F.R. § 3.319(b)(1) based on the facts of his case. The government responds that this court lacks jurisdiction over the appeal because the Veterans Court's decision involved the application of law to fact.

The government is correct that we lack jurisdiction. The Veterans Court applied the law to the facts. As noted, we may not review a challenge to a factual determination or a challenge to a law or regulation as applied to the facts of a particular case. Mr. Browder does not suggest that the Veterans Court misinterpreted any statutes or regulations. Instead, he argues the facts of his case, something that this court cannot review. We do not have jurisdiction to review the Veterans Court's determination in this case.

For the foregoing reasons, we dismiss Mr. Browder's appeal for lack of jurisdiction.

No costs.