NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SHERWOOD BROWN,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2020-1536

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-2926, Judge Joseph L. Falvey, Jr.

---

Decided:  September 3, 2020

---

SHERWOOD BROWN, Oklahoma City, OK, pro se.

ASHLEY AKERS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by ETHAN P. DAVIS, ELIZABETH MARIE HOSFORD, ROBERT EDWARD KIRSCHMAN, JR.

---

Before DYK, SCHALL, and REYNA, *Circuit Judges.*

PER CURIAM.

Sherwood Brown appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"), finding that Mr. Brown had disclaimed any challenge to the Board of Veterans' Appeals ("Board") decision from which he had appealed.  We dismiss the appeal for lack of jurisdiction.

## BACKGROUND

Mr. Brown served in the Navy from August 1960 to February 1961.  Mr. Brown was awarded benefits for service-connected bilateral osteochondritis of the knees effective September 1, 1994, service-connected degenerative joint disease of the lumbar spine effective November 8, 2000, and a total disability rating based on individual unemployability as a result of service-connected disabilities (TDIU) effective September 1, 1994.  Mr. Brown has not been awarded benefits based on a finding of a service-connected condition for his feet.

In July 2014, a Veterans Affairs regional office ("RO") issued a rating decision that addressed Mr. Brown's knees, back, and feet.  The July 2014 rating decision did not assign a new effective date for Mr. Brown's service connection for his knees or back and did not award Mr. Brown service connection for his feet.  In a letter dated July 25, 2014, the RO notified Mr. Brown of the rating decision and advised him that in order to seek review from the Board, any Notice of Disagreement ("NOD") would have to be postmarked within one year of the decision, here no later than July 25, 2015.  Mr. Brown did not file a notice of appeal within the one-year period.

On December 28, 2015, well after the one-year period, Mr. Brown submitted a NOD to the Board, seeking a combined rating of 50 percent for disabilities of the knees, back, and feet, for the period from April 1961 to September 1994. On October 17, 2017, the Board found that the December 28, 2015, NOD "did not address any issue on which [Mr. Brown] received notice of a decision one year prior to" the date of submission and instead appeared to address issues in the July 2014 rating decision. App'x 5.[1] The Board therefore dismissed Mr. Brown's NOD as untimely under 38 U.S.C. § 7105.

Mr. Brown appealed the October 17, 2017, Board decision to the Veterans Court. The Veterans Court twice ordered Mr. Brown to submit a brief "telling the Court what he believe[d] [was] wrong with the October 17, 2017[,] Board decision." App'x 10–11. In response to the second request, Mr. Brown replied with a note written on a copy of the Veterans Court's second order that read, "Nothing, Not being appealed by veteran." App'x 11 (emphasis omitted).

The Veterans Court dismissed the appeal for lack of jurisdiction, finding that "Mr. Brown ha[d] plainly indicated that he [did] not wish to appeal the decision from which he originally filed a[] [Notice of Appeal ("NOA")]." *Id.*

Mr. Brown appeals.

### DISCUSSION

We have limited jurisdiction to review decisions by the Veterans Court. *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). We have exclusive jurisdiction to review and decide any challenge to the validity of any statute or

---

[1]    "App'x" refers to the appendix attached to the government's response brief.

regulation or any interpretation thereof and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision. 38 U.S.C. § 7292(c). Except to the extent that an appeal presents a constitutional issue, we may not review a challenge to a factual determination, or a challenge to a law or regulation as applied to the facts of a particular case. *Id.* § 7292(d). "If an appeal to this court from the Court of Veterans Appeals does not raise a constitutional question, a question as to the interpretation of a constitutional or statutory provision, or the interpretation or validity of a regulation relied upon by the Court of Veterans Appeals, section 7292(d) requires this court to dismiss the appeal for lack of jurisdiction." *Albun v. Brown*, 9 F.3d 1528, 1530 (Fed. Cir. 1993).

The Veterans Court's dismissal rested on its finding of fact that "Mr. Brown ha[d] plainly indicated that he [did] not wish to appeal the decision from which he originally filed an NOA." App'x 11. The Veterans Court thus determined that, "[b]ased on Mr. Brown's clarification" to the Veterans Court, Mr. Brown was "not appealing anything in the October 17, 2017, Board decision from which he filed his NOA," and the Veterans Court therefore had no jurisdiction over Mr. Brown's appeal. *Id.* In this court, Mr. Brown appears to be challenging the Veterans Court's factual determination that Mr. Brown was not appealing the October 17, 2017, Board decision. *See* Informal Op. Br. 1. Mr. Brown argues that the Veterans Court's determination was incorrect. *Id.*

Mr. Brown does not dispute the interpretation or validity of any statute or regulation, nor does this appeal raise a constitutional question. *Id.*; *see also* Appellant Mem. In Lieu of Oral Arg. 1–3. Although Mr. Brown may contest the Veterans Court's findings, we do not have jurisdiction to review the Veterans Court's factual determinations. 38 U.S.C. § 7292(d). We therefore dismiss this appeal for lack of jurisdiction.

## DISMISSED

Costs

No costs.