NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERT THORNTON,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2022-1618

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-7749, Senior Judge Mary J. Schoelen.

---

Decided: October 17, 2022

---

ROBERT G. THORNTON, Corona, CA, pro se.

CHRISTOPHER L. HARLOW, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY; CHRISTINA LYNN GREGG, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before MOORE, *Chief Judge*, CHEN and STOLL, *Circuit Judges*.

PER CURIAM.

Robert Thornton appeals the decision of the Court of Appeals for Veterans Claims (Veterans Court) affirming the decision of the Board of Veterans' Appeals that his appeal was untimely. Because we lack jurisdiction, we dismiss his appeal.

## BACKGROUND

Mr. Thornton, an Army veteran, filed for service-connected disability benefits in 2007. This case is Mr. Thornton's fourth appeal arising out of these claims.

After a series of decisions in Mr. Thornton's case, in December 2012, a Veterans Affairs regional office (RO) issued a decision that it "considered a full grant of benefits sought on appeal." SAppx. 2.[1] A letter accompanying this decision informed Mr. Thornton that he had "one year from the date of [the] letter to appeal the decision." *Id.* at 3. Mr. Thornton timely filed his notice of disagreement (NOD) in November 2013 and elected the "[t]raditional appeal process" in December 2013. *Id.* at 46.

In response to Mr. Thornton's November 2013 NOD, on June 4, 2014, the RO issued a decision increasing Mr. Thornton's benefits and granting an earlier effective date for the awards of benefits. On the same day, the RO also mailed a letter enclosing a statement of the case (SOC) and advising Mr. Thornton of his appellate rights and responsibilities: If he wanted to appeal his case to the Board, he needed to "file a formal appeal" with the RO "within 60

———————————

[1] "SAppx." refers to the supplemental appendix filed by the Government.

days from the date of this letter or within the remainder, if any, of the one-year period from the date of the letter notifying [him] of the action that [he has] appealed," whichever was later. SAppx. 43. The letter emphasized that if he "need[ed] more time to file [his] appeal, [he] should request more time before the time limit . . . expire[d]," and that if the VA did not hear from him within this period, it would close his case. *Id.*

On February 2, 2015, the Board received Mr. Thornton's appeal of the June 2014 RO decision. In June 2015, the RO issued a decision finding Mr. Thornton's appeal untimely because it was received more than 60 days after the date of the June 2014 SOC, explaining that the June 2014 RO decision on Mr. Thornton's claims had become final. Mr. Thornton appealed the June 2015 RO decision to the Board.

In July 2019, the Board issued its decision denying Mr. Thornton's appeal. The Board explained that "because the June 2014 SOC was issued after" the expiration of "the [one]-year appeal period following the date of notification of the December 2012 RO decision," Mr. Thornton's "deadline to file [the a]ppeal was 60 days after June 4, 2014," or August 4, 2014. SAppx. 5. The Board found that Mr. Thornton's appeal was received on February 2, 2015—far more than 60 days after June 4, 2014—and concluded it was untimely. *Id.* The Board also explained that although exceptions to the timeliness requirement for such appeals exist, none of those exceptions applied to Mr. Thornton. *Id.* Mr. Thornton appealed this Board decision to the Veterans Court. *Id.* at 1.

On December 21, 2021, the Veterans Court affirmed the Board's decision. That court explained that it saw no error in the Board's bases for determining that Mr. Thornton's appeal was untimely. Further, the Veterans Court determined that his various claims that the Board and the VA had committed statutory and

constitutional violations and fraud were subsidiary to, and thus rose and fell with, his challenge to the Board's finding of untimeliness.  SAppx. 6–14.

Mr. Thornton now appeals the Veterans Court's affirmance of the Board's decision.

## DISCUSSION

Our jurisdiction over appeals from the Veterans Court is statutorily limited.  We may only review challenges to the interpretation or "validity of any statute or regulation." 38 U.S.C. § 7292.  Except to the extent that an appeal presents a constitutional issue, we cannot review challenges to underlying factual determinations or application of law to facts.  § 7292(d)(2).

Whether an appeal is timely filed is a factual determination that this court may not review.  *See Albun v. Brown*, 9 F.3d 1528, 1530 (Fed. Cir. 1993) (holding that we lacked jurisdiction over a claim that a notice of appeal was timely filed because it involved only factual matters).  Because the Veterans Court affirmed the dismissal of Mr. Thornton's appeal based on the Board's factual finding that Mr. Thornton did not file his appeal before the filing deadline, we lack jurisdiction to review Mr. Thornton's appeal of the timeliness determination.  § 7292(d)(2).  Although Mr. Thornton also alleges constitutional violations on appeal, Appellant's Br. 26–28 (asserting that the Board and the Veterans Court violated his Due Process and Equal Protection rights when they denied his appeal as untimely), he provides no further detail or support for his claim other than the determination that the appeal was untimely.  Our court lacks jurisdiction over assertions that are "constitutional in name" only.  *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999).  Stated another way, labeling the Veterans Court's decision as a constitutional violation does not confer jurisdiction that we otherwise lack.  Because the only issue here involves a challenge to the fact

finding that Mr. Thornton's appeal was untimely, we lack jurisdiction.  § 7292(d)(2).

## CONCLUSION

We have considered Mr. Thornton's remaining arguments and find them unpersuasive.  Mr. Thornton's appeal is dismissed for lack of jurisdiction.

## **DISMISSED**

### COSTS

No costs.