SCHALL, Circuit Judge,
dissenting.
I am unable to agree with the majority that we have jurisdiction to review the decision of the United States Court of Appeals for Veterans Claims (“Veterans Court”). The Veterans Court ruled that it lacked jurisdiction because the 1993 fee agreement did not cover the 1995 CUE claim, and that was the sole ground for its ruling. Carpenter v. Principi, 18 Vet.App. 560 (2004) (table), full decision available at, 2004 WL 2062544, at *2 (unpublished) (“[Bjased on the evidence of record, the June 1993 agreement does not extend to services provided in connection with the veteran’s December 1995 CUE claim.”).
On appeal, we will set aside any legal interpretation of the Veterans Court that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 38 U.S.C. § 7292(d)(1) (2000). We may not, however, review a challenge to any factual determination or a challenge to a law or regulation as applied to the facts of a particular case. 38 U.S.C. § 7292(d)(2) (2000); see Leonard v. Gober, 223 F.3d 1374, 1376 (Fed.Cir.2000) (“Section 7292(d)(2) expressly bars us from reviewing challenges to the application of law to the facts of a particular case. We must therefore dismiss Leonard’s appeal [regarding the application of equitable tolling to the facts of her case] for lack of subject matter jurisdiction.”); Albun v. Brown, 9 F.3d 1528, 1529-30 (Fed.Cir.1993) (recognizing that “in appeals from the Court of Veterans Appeals, Congress denied this court the usual broad scope of review and limited this court’s review to certain statutory, regulatory, and constitutional issues”).
In my view, the majority overlooks what actually happened in the Veterans Court. The Veterans Court did not interpret 38 U.S.C. § 5904(c) (2000). Rather, it held that it lacked jurisdiction because the 1993 fee agreement did not extend to services provided in connection with the CUE claim. The agreement stated: “The services contemplated under this contract ... relate specifically to the claim or claims previously decided by the Board of Veterans’ Appeals.... ” At the time of the agreement, the only claim of Mr. Bower’s that the Board of Veterans Appeals had decided was the TDIU claim.[1] The court’s ruling squarely represents an application of law to the facts of the case, a matter beyond our jurisdiction.
Thus, I would dismiss Mr. Carpenter’s appeal for lack of jurisdiction. I therefore respectfully dissent.

. As this court has recognized, a CUE claim is not a generalized claim to entitlement of benefits; instead, a CUE claim is an assertion that the VARO committed a particular clear and unmistakable error. Andre v. Principi, 301 F.3d 1354, 1361 (Fed.Cir.2002).