Dulseena J. LEONARD, Claimant–Appellant,

v.

Hershel W. GOBER, Acting Secretary of Veterans Affairs, Respondent–Appellee.

No. 00–7002.

United States Court of Appeals, Federal Circuit.

Aug. 22, 2000.

Rehearing Denied Oct. 11, 2000.

Thomas J. Reed, Widener University, of Wilmington, Delaware, argued for claimant-appellant.

Lawrence N. Minch, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were David W. Ogden, Assistant Attorney General; David M. Cohen, Director. Of counsel was James M. Kinsella, Deputy Director. Of counsel were

Donald E. Zeglin, Deputy Assistant General Counsel; and David J. Barrans, Staff Attorney, Department of Veterans Affairs, of Washington, DC.

Before MICHEL, LOURIE, and LINN, Circuit Judges.

LOURIE, Circuit Judge.

Dulseena J. Leonard appeals from the United States Court of Appeals for Veterans Claims' dismissal of her appeal to that court for failure to file that appeal within the statutory time limit. *See Leonard v. West,* 12 Vet.App. 554 (1999). Because we lack jurisdiction to consider Leonard's arguments regarding application of equitable tolling to the facts of her case, we dismiss her appeal.

## BACKGROUND

Leonard filed an untimely notice of appeal (NOA) from the Board of Veterans Appeals' decision denying her claim for veterans benefits. Leonard filed her NOA one day late. She asked the Court of Appeals for Veterans Claims to equitably toll the statute of limitations, giving several reasons for her untimely filing, one being that she was unable to file her NOA on the last day of the statutory period because the post office closed five minutes early. The court found that her reasons amounted to "at best a garden variety claim of excusable neglect" to which the principles of equitable tolling did not extend, and it therefore dismissed her appeal. Leonard timely appealed to this court in accordance with the provisions of 38 U.S.C. § 7292 (1994).

## DISCUSSION

■ Our jurisdiction to review a judgment of the Court of Appeals for Veterans Claims, set forth in 38 U.S.C. § 7292, is highly circumscribed. *See Helfer v. West,* 174 F.3d 1332, 1335 (Fed.Cir.1999). "[A]ny party ... may obtain a review of the decision with respect to the validity of any statute or regulation ... or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court [of Appeals for Veterans Claims] in making the decision." 38 U.S.C. § 7292(a) (1994). However, "[e]xcept to the extent that an appeal ... presents a constitutional issue, [we] may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

Leonard argues that the statutory time period should be tolled because her delay was not due to neglect but rather to events beyond her control. She states that she asked the American Legion to help her with her claim, but that they did not respond to her request for two months and did not tell her that they would not help her until twelve days before the statutory deadline date. Leonard then admits that she waited until the end of the final day of the statutory period before going to the post office to mail her NOA. She says that she arrived at the post office at 3:55 p.m., only to find that the post office closed earlier than its posted 4:00 p.m. closing time.

The government responds that this court lacks jurisdiction to hear her appeal. Specifically, the government argues that Leonard is asking this court to make a factual finding that she exercised due diligence in this case, and that the issue whether the filing of her appeal was untimely due to her own neglect is either a question of fact or the application of law to the facts of her case. The government further argues that the court rejected Leonard's claim that her late filing was due to circumstances beyond her control, and that the question whether equitable tolling would ever be appropriate in the case of a late filing was not decided.

■ We agree with the government that we lack jurisdiction to consider the application of equitable tolling to this case. Equitable tolling of a statute of limitations has been allowed when "the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has

been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. DVA*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). However, courts are less likely to toll the limitations period when the filing is late and "the claimant failed to exercise due diligence in preserving his legal rights.... [T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Id.* The foregoing applies equally in suits between private litigants and suits against the federal government. *See id.* at 95–96, 111 S.Ct. 453; *Bailey v. West*, 160 F.3d 1360, 1364 (Fed.Cir.1998) (*en banc*) ("The rule we draw from *Irwin* is that the doctrine of equitable tolling, when available in comparable suits of private parties, is available in suits against the United States, unless Congress has expressed its intent to the contrary.").

The Court of Appeals for Veterans Claims in this case specifically found that Leonard failed to timely file her NOA due to her own neglect and that the statute of limitations could not therefore be tolled. In order to reverse the court's decision, we would have to evaluate the facts and conclude otherwise. We would have to apply the criteria set forth above to Leonard's request for help from the American Legion, to the American Legion's two-month delay in responding to her request, to Leonard's failure to inquire of the American Legion during that period of time, to Leonard's waiting for twelve days—until the last day of the statutory period—to file her NOA, to her waiting until the end of the day to file her NOA, and to the post office's early closing on that day. All of this constitutes, at the very least, the application of the law of equitable tolling to the facts of the case. We would also have to judge the accuracy of the facts found by the lower court. This we cannot do. Section 7292(d)(2) expressly bars us from reviewing challenges to the application of law to the facts of a particular case. We must therefore dismiss Leonard's appeal for lack of subject matter jurisdiction.

## CONCLUSION

Because we lack jurisdiction to consider Leonard's arguments regarding the application of equitable tolling to the facts of her case, her appeal is

*DISMISSED.*