DECISION
PER CURIAM.
Louis J. Clay, Jr. appeals the decision of the United States Court of Appeals for Veterans Claims (“CAVC”) that dismissed his appeal from a Board of Veterans’ Appeals (“BVA”) decision for lack of jurisdiction on the ground that the appeal was untimely. The Secretary of Veterans Affairs argues that we lack jurisdiction under 38 U.S.C. § 7292 to hear the appeal. We agree, and therefore we dismiss Mr. Clay’s appeal.
DISCUSSION
I.
Mr. Clay served in the Air Force on active duty from January to March of 1971. He claims that during basic training he suffered a fall that resulted in back and neck injuries and hernia and stomach ailments. In October of 1982, the BVA issued a decision denying Mr. Clay’s claim of service connection for his back disorder.
In 1994, Mr. Clay attempted to reopen his claim at the Veterans Administration’s regional office (“RO”) in New Orleans. After the RO denied his claim, Mr. Clay filed a notice of disagreement and appealed the denial to the BVA. On July 1, 1998, the BVA issued a decision holding that Mr. Clay had not presented new and material evidence on which to reopen his claim. Enclosed with the denial was a Notice of Appellate Rights, informing Mr. Clay that an appeal to the CAVC could be taken if a Notice of Appeal was submitted within 120 days of the date of the decision. Alternatively, the notice provided that Mr. Clay could make a motion for reconsideration to the BVA. Mr. Clay filed a motion for reconsideration on November 3, 1998. The BVA denied the motion in a letter dated February 23,1999. Accompanying the letter was a notice informing Mr. Clay that he had “120 days from the date of the mailing of the enclosed letter denying your motion for reconsideration within which to file a Notice of Appeal with the Court.” The following language was also included in the BVA’s letter:
Your motion for reconsideration, which has been carefully reviewed in light of the Board’s decision in your appeal, does not demonstrate that the BVA decision contains obvious error---- For these reasons, I must deny your motion for reconsideration. I have referred your presentation to the Jackson, Mississippi, regional office for initial consideration.
The reference to “your presentation” apparently was in response to Mr. Clay’s submission of what he considered to be “newly discovered evidence” along with his motion for reconsideration.
Following the BVA’s decision, Mr. Clay began to focus his efforts on the RO in *894 Jackson, Mississippi. Correspondence between the RO and Mr. Clay continued through June of 1999. The following month, Mr. Clay resumed correspondence with the New Orleans RO with respect to his original claim and was told that the BVA decision had become final after 120 days had passed without appeal.
Mr. Clay submitted a second motion for reconsideration with the BVA on December 23, 1999. The motion was denied on February 29, 2000. Following this denial, Mr. Clay filed a Notice of Appeal with the CAVC. On August 14, 2000, the CAVC dismissed his appeal for lack of jurisdiction based on Mr. Clay’s failure to file a Notice of Appeal within 120 days of the BVA’s July 1, 1998 decision, as required by 38 U.S.C. § 7266(a) and Rule 4 of the CAVC. The appeal to this court followed.
II.
Our authority to review a decision of the CAVC is limited. “Except to the extent that an appeal under this chapter presents a constitutional issue, the Court of Appeals may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.” 38 U.S.C. § 7292(d)(2). Therefore, unless a constitutional issue is presented, we are without jurisdiction to review Mr. Clay’s appeal if it involves a determination of facts or the application of law to facts.
Whether the CAVC properly determined that a Notice of Appeal filing was untimely is a question of fact. See Leonard v. Gober, 223 F.3d 1374,1376 (Fed.Cir. 2000). In Leonard, a claimant whose Notice of Appeal was filed just beyond the 120 day deadline argued that principles of equitable tolling should apply to prevent a dismissal of the appeal as untimely. Leonard, 223 F.3d at 1375. This court followed Supreme Court precedent, Irwin v. DVA, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), in application of the doctrine of equitable tolling. In Irwin, the Supreme Court stated that equitable tolling is permissible in situations “where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary’s misconduct into allowing the filing deadline to pass.” Irwin, 498 U.S. at 96, 111 S.Ct. 453. The court noted that, in cases where a filing is late, a showing of due diligence is usually necessary in order for tolling to occur. Id. In Leonard, the appellant offered a number of justifications for the late filing, including the delayed response of an attorney and the early closing of a post office on the day she tried to mail her appeal. Id. Leonard’s appeal required the court to consider whether the professed justifications were sufficient to establish due diligence. The court determined that applying the Irwin criteria to the specific facts of the case would be an application of law to fact, expressly prohibited by § 7292(d)(2). Leonard, 223 F.3d at 1376.
The same result is required in the case of Mr. Clay’s appeal. In this case, in order to determine whether the CAVC’s ruling on timeliness was correct, it would be necessary for us to review the pertinent facts to determine whether the BVA’s referral of Mr. Clay’s “presentation” to the Jackson, Mississippi RO was misleading. Such an inquiry would require an application of law to fact; it therefore is beyond the scope of our jurisdiction under 38 U.S.C § 7292. Accordingly, Mr. Clay’s appeal must be dismissed.
No Costs.