LINN, Circuit Judge.
Robert A. Maki (“Maki”) appeals the decision of the United States Court of Appeals for Veterans Claims (“Veterans’ Court”) that dismissed his appeal from a Board of Veterans’ Appeals (“Board”) decision for lack of jurisdiction on the ground that the appeal was untimely. Maki v. Principi, No. 02-1152, 2002 WL 31469352 (Vet.App. Nov. 5, 2002) (“Maki”). Because we lack jurisdiction under 38 U.S.C. § 7292, the appeal is dismissed.
BACKGROUND
Maki served on active duty from November 1966 to August 1970. In November 1991, the Department of Veterans Affairs Regional Office (“RO”) denied his claim for service connection for post-traumatic stress disorder. Maki appealed to the Board, and in March 1994 and July 1995, the case was remanded to the RO for additional development. In February 1997, the Board upheld the RO’s ultimate denial of Maki’s claim. The Veterans’ Court vacated the Board’s decision in November 1998, and remanded for readjudi-cation. The Board then remanded the case to the RO in June 1999. The RO again denied Maki’s claim, Maki appealed to the Board, and the Board denied Maki’s claim on March 6, 2002. The Secretary contends that copies of the opinion were sent to the veteran and to his counsel on the date of the Board’s decision.
On March 5, 2002, Maki’s attorney of record, Ms. Pasculli, called the Board to inquire about the status of Maki’s appeal. She was informed that no decision had *134 been made. Hearing nothing further, Ms. Paseulli called again on June 13, 2002, and was told a decision had been made and that the Board would mail a copy of the decision to her. She telephoned again on June 24, 2002, to state that she had not received the copy. She was told that the copy had been sent on June 14, 2002, but had been sent to an incorrect address. On July 10, 2002, having still not received a copy of the appeal, she again called the Board and was told another copy would be sent. At some point, Ms. Paseulli learned of the content of the decision, and, on July 24, 2002, filed a notice of appeal. In a telephone conversation with the Board on July 25, 2002, she was told that her previous requests for re-mailing appeared to have been ignored. She did not receive a copy of the opinion until July 26, 2002, when it was filed with the Veterans’ Court in conjunction with the appeal.
Because Maki’s notice of appeal was filed more than 120 days after March 6, 2002, the Veterans’ Court ordered Maki to show cause why his appeal should not have been dismissed. Maki v. Principi, No. 02-1152 (Vet.App. Aug. 1, 2002). Maki, through counsel, Ms. Paseulli, responded with the information set forth above. The Veterans’ Court then ordered the agency to demonstrate that the decision had been properly sent to both Maki and his counsel, as required. By declaration of the director, the agency responded that the agency’s computerized appeal tracking system indicated that the opinion was mailed, that both Maki’s and Ms. Pasculli’s correct addresses were on record, and that there was no indication that it was returned undeliverable. The record does not establish whether Ms. Paseulli inquired or was told in any of her conversations with the Board that the decision was dated March 6, 2002. Maki does not dispute the mailing of his copy of the Board’s decision to his correct address on March 6, 2002, but contends that the evidence shows that the processing of his counsel’s copy was irregular and inconsistent with the requirements of 38 U.S.C. § 7104(e)(2).
The Veterans’ Court dismissed Maki’s appeal in November 2002. The court found that Maki’s appeal was processed in the normal course of business and thus was entitled to a presumption of administrative regularity, in the absence of evidence to the contrary. Maki, slip op. at 2. The Veterans’ Court concluded that Maki had not rebutted the presumption and that there was no other reason to toll the 120-day appeal period. Id. Maki moved for a panel decision, which was denied in January 2003. The appeal to this court followed.
DISCUSSION
Our authority to review a decision of the Veterans’ Court is limited. “Except to the extent that an appeal under this chapter presents a constitutional issue, the Court of Appeals may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.” 38 U.S.C. § 7292(d)(2). Thus we are without jurisdiction to review Maki’s appeal if it involves a determination of facts or the application of law to facts.
Whether the Veterans’ Court properly determined that a notice of appeal was untimely filed is a question of fact. Leonard v. Gober, 223 F.3d 1374, 1376 (Fed.Cir.2000). Maki makes two arguments on appeal. First, Maki argues that the Veterans’ Court’s interpretation of the “clear evidence” required to overcome a presumption of regularity is wrong as a matter of law. Contrary to Maki’s characterization, the Veterans’ Court ruling is not based on any legal interpretation of the “clear evidence” standard. While Maki asserts that the Veterans’ Court construed “clear evidence” in a way that conflicts with 38 U.S.C. § 7104(e)(2), we see *135 no basis to conclude that the court made such a determination. To the contrary, the Veterans’ Court simply determined that Maki had not offered “clear evidence” to rebut the presumption that the decision was mailed both to him and his counsel on March 6, 2002. This is entirely a question of fact. Second, Maki argues that the Veterans’ Court erred in concluding that equitable tolling did not apply. However, Maki points to no legal error and instead seeks reconsideration of the application of law to the facts of this case. See, e.g., id. (determining that applying the equitable tolling criteria to the facts of a case would violate the express prohibition of 38 U.S.C. § 7292(d)(2) of application of law to fact).
Because Maki is not seeking review of a decision of the Veterans’ Court with respect to the interpretation of a statute or regulation, 38 U.S.C. § 7292(a), but is instead simply challenging the application of law to fact or the factual determinations made by the Board in this case, id. § 7292(d)(2), we lack jurisdiction and must therefore dismiss Maki’s appeal.