**Arlene ROSSI, Claimant–Appellant,**

v.

**Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent– Appellee.**

No. 03–7180.

United States Court of Appeals, Federal Circuit.

DECIDED: March 3, 2004.

Phyllis Jo Baunach, Principal Attorney, Kathryn A. Bleecker, Michael J. Timinski, David M. Cohen, David R. McLenachen, Of Counsel, Washington, DC, for Respondent–Appellee.

David W. Glasser, Glasser and Handel, Principal Attorney, Daytona Beach, FL, for Claimant–Appellant.

Before MICHEL, LOURIE, and DYK, Circuit Judges.

PER CURIAM.

Arlene Rossi petitions for review of a one-judge, non-precedential Order by the United States Court of Appeals for Veterans Claims ("Veterans Court") dismissing her appeal for lack of jurisdiction based on an untimely filed Notice of Appeal ("NOA"). *Rossi v. Principi*, Docket No. 03–275, 2003 WL 21262111 (Ct.Vet.App. May 29, 2003).

**Background**

The following facts are undisputed. On February 3, 2003, counsel for the appellant deposited an NOA seeking review of an October 7, 2002 Board of Veterans' Appeals ("BVA") decision with Airborne Express. The Veterans Court received the NOA on February 11, 2003, seven days after the 120–day period for filing an NOA had expired.

On April 11, 2003, the Secretary filed a motion to dismiss the appeal for lack of jurisdiction as a result of the untimely NOA. On April 25, 2003, the appellant responded to the Secretary's motion, argu-

ing that the circumstances surrounding the minimal delay should be deemed excusable and that there was due diligence in submitting the NOA, and that accordingly, the doctrine of equitable tolling should apply. The Veterans Court determined that the appellant's claim amounted to " 'at best a garden variety claim of excusable neglect' to which the principles of equitable tolling do not extend," and accordingly dismissed the appeal. This appeal followed.

## Discussion

This court has limited jurisdiction and may review questions of law presented by decisions of the Veterans Court. *See* 38 U.S.C. § 7292. Except to the extent that an appeal presents a constitutional issue, this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2). This court may, however, review decisions with respect to the validity or interpretation of any statute or regulation (other than a determination as to a factual matter) that was relied upon by the Veterans Court. *Id.* § 7292(a).

On appeal to this court, the appellant argues that the Veterans Court "failed to adequately discuss" the issues raised by the appellant in its response to the Secretary's motion to dismiss, and that the matter should be deemed excusable neglect and equitable tolling should apply. The appellant also argues that the Veterans Court failed to take into account, or at least failed to discuss, the pro-claimant nature of the veterans benefits system when it declined to apply equitable tolling.

Because this appeal does not present any questions of statutory interpretation, and because the appellant does not challenge any of the legal underpinnings of the Veterans Court decision, we must dismiss the appeal for lack of jurisdiction. To

entertain this appeal, this court would have to review the factual findings of the Veterans Court or, at the very least, that court's application of established legal principles to the facts of this case. Section 7292(d)(2) precludes us from so doing. *See Leonard v. Gober,* 223 F.3d 1374 (Fed.Cir. 2000).

Because we lack jurisdiction to consider any of the appellant's arguments regarding the application of equitable tolling to this case, the present appeal is *dismissed.*