Samuel T. GODBOLT, Claimant–Appellant,

v.

R. James NICHOLSON, Secretary of Veterans Affairs, Respondent–Appellee.

No. 2006–7147.

United States Court of Appeals, Federal Circuit.

Aug. 21, 2006.

Samuel T. Godbolt, pro se.

Before MICHEL, Chief Judge, MAYER and LINN, Circuit Judges.

PER CURIAM.

*ORDER*

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Samuel T. Godbolt's appeal from the Court of Appeals for Veterans Claims' decision in *Godbolt v. Nicholson*, 05–3111, 2006 WL 954637 (2006), for lack of jurisdiction. Godbolt has not responded.

On April 22, 2005, the Board of Veterans' Appeals issued a decision, which, among other things, denied Godbolt's application for service connection for hepati-

tis. On October 17, 2005, 178 days after the date notice of the Board decision was mailed to Godbolt, he filed a notice of appeal with the Court of Appeals for Veterans Claims. Godbolt failed to respond to the Court of Appeals for Veterans Claims' order to show cause why his appeal should not be dismissed as untimely. Applying 38 U.S.C. § 7266(a) that states that the notice of appeal must be filed within 120 days, "and in light of [Godbolt's] failure to respond to the Court's [show cause] order," the Court of Appeals for Veterans Claims concluded that Godbolt failed to meet his burden of demonstrating that his appeal was timely and dismissed for lack of jurisdiction. Godbolt appeals.

Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Veterans Court. *See Forshey v. Principi*, 284 F.3d 1335, 1338 (Fed.Cir. 2002) (en banc). Absent a constitutional question, this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

A determination whether an appeal is timely filed or whether the appeal period should be tolled involves the application of the law to the facts of the case. *Leonard v. Gober*, 223 F.3d 1374 (Fed.Cir.2000). Thus, this appeal is not within our jurisdiction. *See* 38 U.S.C. § 7292(d).

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motion to waive the requirements of Fed. Cir. R. 27(f) is granted.

(2) The Secretary's motion to dismiss is granted.

(3) Each side shall bear its own costs.