PER CURIAM.

ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss William M. Sykes’ appeal from the United States Court of Appeals for Veterans Claims’ judgment in Sykes v. Nicholson, 05-3273, for lack of jurisdiction.
On November 16, 2005, Sykes filed an appeal seeking review of a January 5, 2005 Board of Veterans’ Appeals decision that denied his request to reopen his claim for service connection for the residuals of a low back injury. An appeal to the Court of Appeals for Veterans Claims must be filed within 120 days of the date of mailing of the Board’s decision. 38 U.S.C. § 7266(a). The Court of Appeals for Veterans Claims determined that there was nothing to support tolling of the appeal period and dismissed the appeal as untimely. Sykes appeals.
Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Veterans Court. See Forshey v. Principi, 284 F.3d 1335, 1338 (Fed.Cir. 2002) (en banc). This court “may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.” 38 U.S.C. § 7292(d)(2).
A determination whether an appeal is timely filed or whether the appeal period should be tolled involves the application of the law to the facts of the case. Leonard v. Gober, 223 F.3d 1374 (Fed.Cir.2000). Thus, this appeal is not within our jurisdiction. See 38 U.S.C. § 7292(d).
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motion to waive the requirements of Fed. Cir. R. 27(f) is granted.
(2) The Secretary’s motion to dismiss is granted.
(3) Each side shall bear its own costs.