NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHARLES W. JOHNSON,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7180

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 09-3377, Judge Mary J. Schoelen.

---

Decided: June 11, 2012

---

CHARLES W. JOHNSON, of Martinsburg, West Virginia, pro se.

ALEXANDER V. SVERDLOV, Trial Attorney, Commercial Litigation Branch, Civil Branch, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director,

and STEVEN J. GILLINGHAM, Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and CHRISTA A. SHRIBER, Attorney, United States Department of Veterans Affairs, of Washington, DC.

_____

Before DYK, SCHALL, and REYNA, *Circuit Judges*.

PER CURIAM.

Charles W. Johnson appeals the final decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") that affirmed the decision of the Board of Veterans Appeals ("Board") denying him entitlement to an effective date earlier than November 18, 1999, for the award of Department of Veterans Affairs ("VA") pension benefits. *Johnson v. Shinseki*, No. 09-3377, 2011 WL 1827867 (Vet. App. May 11, 2011). We *dismiss* for lack of jurisdiction.

DISCUSSION

I.

Mr. Johnson served on active duty in the United States Marine Corps from August 1974 to September 1976. In March 1996, he filed a claim with the VA for non-service connected pension benefits. Pursuant to 38 U.S.C. § 1521(a), such benefits are paid to a "veteran of a period of war who meets [certain service requirements] and who is permanently and totally disabled from non-service connected disability not the result of the veteran's willful misconduct." The regional office ("RO") denied the claim in May 1996 and Mr. Johnson did not appeal.

In March 2004, Mr. Johnson filed a request to reopen his claim. The following month, the RO awarded non-service-connected pension benefits, effective from March

25, 2004, the date the RO received the request to reopen. There then ensued a period of time during which Mr. Johnson sought an earlier effective date for his benefits. In December 2007, the VA issued a decision granting an effective date of November 18, 1999 for the benefits. Asserting, however, that his medical records established that he was disabled as early as 1996, Mr. Johnson appealed to the Board. Subsequently, on May 13, 2009, the Board rendered a decision in which it denied entitlement to an effective date earlier than November 18, 1999. *In re Johnson*, No. 05-13 864 (Bd. Vet. App. May 13, 2009). The basis for the Board's decision was its conclusion that the preponderance of the evidence did not support a finding that Mr. Johnson was permanently and totally disabled prior to November 1999. *Id.* at 8.

On appeal to the Veterans Court, Mr. Johnson argued that, in its decision, the Board had failed to provide an adequate statement of reasons and bases for its decision. He also contended that the VA had not complied with its duty to assist him because it had failed to obtain certain medical records. Mr. Johnson argued further that the Board had improperly weighed the evidence and had failed to consider all the evidence of record. The Veterans Court rejected all three of Mr. Johnson's arguments. As far as the first argument was concerned, the court noted that the Board had discussed at length the pertinent medical records and had provided a detailed discussion of the evidence. *Johnson*, 2011 WL 1827867 at *3-*4. Accordingly, the court determined that the Board's decision was supported by sufficient reasons and bases. *Id.* at *4. Addressing the duty-to-assist argument, the court pointed out that Mr. Johnson had not identified any specific records that the VA had failed to obtain. Further, it concluded that, to the extent there were missing records, there was no evidence that the absence of the

records had prejudiced Mr. Johnson. *Id.* at *5. Finally, the Veterans Court determined that the Board's factual findings relevant to the effective date issue were not clearly erroneous and that Mr. Johnson had not identified any evidence that the Board failed to consider. *Id.* at *4. The court therefore affirmed the Board's decision; this appeal followed.

## II.

This court's ability to review a decision of the Veterans Court is limited. Pursuant to 38 U.S.C. § 7292(a), we may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." We have exclusive jurisdiction "to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under [38 U.S.C. § 7292], and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). However, except to the extent that an appeal presents a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

On appeal, Mr. Johnson argues that the Veterans Court and the Board did not properly consider the evidence regarding his disabilities and that the Veterans Court therefore erred in affirming the Board's ruling that he was not entitled to an effective date earlier than November 18, 1999 for his pension benefits. This clearly is a challenge to a factual determination, a matter over which we lack jurisdiction. *See Bastien v. Shinseki*, 599 F.3d 1301, 1305-06 (Fed. Cir. 2010) (dismissing for lack of

jurisdiction because the appeal required the review of factual determinations). Mr. Johnson also contends that, in its decision, the Veterans Court erred in its interpretation of certain statutes and regulations, specifically: 38 U.S.C. § 7104(d)(1), 38 U.S.C. § 1521(a), and 38 C.F.R. §§ 4.16, 4.17. Examination of the Veterans Court's decision, however, makes it clear that the court did not interpret any of these provisions, but rather applied their requirements to the facts of the case. This also is a determination which we do not have jurisdiction to review. *See Leonard v. Gober*, 223 F.3d 1374, 1375-76 (Fed. Cir. 2000) (dismissing for lack of jurisdiction because the appeal involved the application of law to the facts of the case).

## III.

Because all of Mr. Johnson's arguments on appeal are fact-based, they are beyond our jurisdiction. The appeal is therefore dismissed.

Each party shall bear its own costs.

**DISMISSED**