NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MICHAEL D. STOFFEL,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2012-7102

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 10-2962, Judge Donald L. Ivers.

---

Decided: July 11, 2013

---

DONALD C. HILL, Attorney at Law, of Hot Springs Village, Arkansas, for claimant-appellee.

ALLISON KIDD-MILLER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. On the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and MARTIE ADELMAN, Attor-

ney, United States Department of Veterans Affairs, of Washington, DC.

———————————————

Before PROST, O'MALLEY, and REYNA, *Circuit Judges.*

PER CURIAM.

Michael D. Stoffel appeals the decision of the United States Court of Appeals for Veterans Claims (the "Veterans Court") dismissing his appeal to that court as untimely. We affirm.

## I. BACKGROUND

Mr. Stoffel served on active duty in the military from 1971 to 1999. From 2001 to 2003, he received educational assistance benefits from the Veterans Administration ("VA") to complete a degree program at Ramon Magsaysay Technological University ("RMTU") in the Philippines. An investigation by the VA later revealed that Mr. Stoffel fraudulently received those benefits because he attended courses that "did not have genuine attendance or assignment requirements and were not educational." Appellee's Supplemental App. 2. Mr. Stoffel was charged with an overpayment totaling $16, 131.87.

Mr. Stoffel appealed the charged indebtedness to the Board of Veterans' Appeals ("Board"). On May 11, 2010, the Board affirmed imposition of the indebtedness in a detailed fifteen-page decision. The Board mailed a copy of its decision to Mr. Stoffel and to his counsel, Donald Hill.

To appeal the Board's decision, Mr. Stoffel had to file a notice of appeal ("NOA") with the Veterans Court by September 8, 2010—120 days from the mailing date of the decision. *See* 38 U.S.C. § 7266(a). Mr. Stoffel's NOA, however, was filed on September 10, 2010. The Veterans Court ordered him to show cause why his untimely appeal should not be dismissed. Mr. Stoffel did not respond. As a result, the court dismissed his appeal.

Mr. Stoffel later petitioned the Veterans Court to reconsider the dismissal of his appeal. In that petition, he asserted that "[t]he miscalculation of the 120 days appeal date was the error of [his] counsel's office which had papers from [two] appeals filed in the same case file." Appellee's Supplemental App. 22. That error by counsel, he argued, should have equitably tolled the due date for his NOA.

The Veterans Court denied reconsideration. It held that the misfiling of the Board's NOA by Mr. Hill did not "constitute a basis for reconsideration." *Id.* at 24. The court also concluded that, even if there was a proper basis for reconsideration, "an NOA may not be equitably tolled." *Id.* at 25.

Mr. Stoffel then timely appealed the Veterans Court's decision to us. We initially stayed our consideration of his case. At the time of his appeal, the Supreme Court had granted certiorari to consider our decision in *Henderson v. Shinsek*i, where we held that the period for filing an NOA was jurisdictional and not subject to equitable tolling. 589 F.3d 1201 (Fed. Cir. 2009) (en banc). The Court subsequently reversed and held that the period for filing an NOA with the Veterans Court was not jurisdictional. *Henderson ex rel. Henderson v. Shinseki*, 131 S.Ct. 1197 (2011). In light of that holding, we lifted the stay on Mr. Stoffel's appeal, vacated the Veterans Court's decision, and remanded. *Stoffel v. Shinseki*, 425 F. App'x 883, 884 (Fed. Cir. 2011).

After Mr. Stoffel's case was remanded, the Veterans Court issued an en banc order ("Misc. Order 10-11") on June 24, 2011, to stay a set of pending cases it determined might be affected by the Supreme Court's decision in *Henderson*. *In re Timeliness of Appeals*, 25 Vet. App. 100 (2011). The court explained that it had to resolve whether the time period for filing an NOA was subject to equitable tolling because the Supreme Court never reached that issue. *Id.* (citing *Henderson*, 131 S.Ct. at 1206 n.4). It

believed it should settle that issue before adjudicating potentially affected cases.

Mr. Stoffel's remanded case, however, was not listed in Misc. Order 10-11 as a matter to be stayed. But the published order provided that, "[i]f parties in cases not included in the [list of stayed matters] believe those cases should be stayed, they may file a proper motion requesting a stay." *Id.*

Shortly after Misc. Order 10-11 issued, Mr. Stoffel filed an unopposed "Motion to Supplement the Record and Reinstate Appeal" in the Veterans Court. Appellee's Supplemental App. 29. In that motion, he argued that the untimely filing of his NOA "qualifie[d] for the doctrine of equitable tolling." *Id.* at 31. He asserted circumstances "beyond his control" caused the untimely filing of his NOA. *Id.* at 30. He explained that his 100% disability rating rendered him "unable to assist in his appeal, creating a totally unintended and extraordinary circumstance under which the [NOA] could not have been filed any sooner than it was filed." *Id.* at 32. And he stated that his "former residence in the Philippines while attending [RMTU] ha[d] significantly hindered [his] counsel's ability to communicate with [him] in bringing this appeal." *Id.* at 30.

Mr. Stoffel's motion to supplement the record and reinstate his appeal was accompanied by an affidavit from Mr. Hill. In that affidavit, Mr. Hill explained why the NOA was untimely. According to him, the Board's decision was received a "few days" after it was mailed, but "unbeknownst to [him]" placed in the wrong case file and "left uncalendared." *Id.* at 42. In addition, Mr. Hill argued that "Mr. Stoffel, being 100% disabled, ha[d] been unable to assist in any of his appeals and did not request an office visit or otherwise advise []his office that the 120-day period for the filing of his Notice of Appeal might be in jeopardy in late August or early September [2010]." *Id.* But, he assured the Veterans Court, "[a]s soon as the

Board's decision and related documents were found, the Notice of Appeal was filed." *Id.* at 43.

Subsequent to Mr. Stoffel's motion, the Veterans Court published a precedential decision in which it held that the period for filing an NOA was subject to equitable tolling in light of the Supreme Court's decision in *Henderson*. *Bove v. Shinseki*, 25 Vet. App. 136, 140 (2011).[1] In its opinion, the Veterans Court adopted a pre-*Henderson* line of precedent from our court concerning the parameters for applying equitable tolling. It discussed those parameters in some detail. "[E]quitable tolling was not applied when failure to file was due to general negligence or procrastination." *Id.* "Rather," the court explained, "it was applied only when circumstances precluded a timely filing despite the exercise of due diligence. *Id.* Examples included: "(1) a mental illness rendering one incapable of handling one's own affairs or other extraordinary circumstances beyond one's control, (2) reliance on the incorrect statement of a VA official, or (3) a misfiling at the regional office or the Board." *Id.*

After *Bove* issued, the Veterans Court denied Mr. Stoffel's motion and dismissed his appeal "for untimely filing." *Stoffel v. Shinseki*, 10-2962, 2012 WL 223909 at *2 (Vet. App. Jan. 26, 2012). The court recognized three reasons presented by Mr. Stoffel to justify the untimeliness of his NOA: (1) "his counsel misfiled the . . . Board decision and failed to calendar the time to appeal"; (2) "his 100% disability made him unable to assist with the filing"; and (3) "the fact that his former residence was in the

---

[1]   Contemporaneously with *Bove*, the court issued an order ("Misc. Order 21-11") lifting the stays imposed by Misc. Order 10-11. The Veterans Court found that a copy of that order was sent to all attorneys registered with the electronic filing system for the Veterans Court, including Mr. Hill.

Philippines significantly affected [his] counsel's ability to communicate with him." *Id.* at *1. It found none persuasive though. The court determined that the misfiling of the Board decision was "at best a garden variety claim of excusable neglect that is not a basis for equitable tolling." *Id.* (internal quotation marks omitted). And it reasoned that Mr. Stoffel "fail[ed] to demonstrate how [his disability or former residence] impeded his filing of an NOA."[2] *Id.* at *2. "The filing of an NOA is a low burden," the court explained, that "requir[es] little more than notifying the Court of the intent to appeal." *Id.*

Mr. Stoffel moved for reconsideration of the Veterans Court decision, which was denied. He filed a timely appeal with us.

## II. DISCUSSION

We possesses limited jurisdiction to review decisions of the Veterans Court. "Except to the extent that an appeal . . . presents a constitutional issue," we have no jurisdiction to review "a challenge to a factual determination, or . . . a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). If a decision of the Veterans Court presents a question of law within our jurisdiction, our standard of review is de novo. 38 U.S.C. § 7292(a); *Willsey v. Peake*, 535 F.3d 1368, 1370–73 (Fed. Cir. 2008).

Mr. Stoffel argues that the Veterans Court violated his constitutional guarantees of due process and equal protection. In light of the record, we find his arguments meritless.

Mr. Stoffel was not deprived of adequate due process by the Veterans Court. The fundamental requirements of

---

[2] The court also noted that Mr. Stoffel's NOA reflected an address in Arkansas. *Stoffel*, 2012 WL 223909 at *1 n.2.

due process are adequate notice and the opportunity to be heard at a meaningful time and in a meaningful manner. *See Edwards v. Shinseki*, 582 F.3d 1351, 1355 (Fed. Cir. 2009); *E. Paralyzed Veterans Ass'n, Inc. v. Sec'y of Veterans Affairs*, 257 F.3d 1352, 1359 (Fed. Cir. 2001). Mr. Stoffel does not challenge that he was provided initial notice of the dismissal of his appeal. His arguments instead center on his opportunity to challenge that disposition. He asserts that his right to due process was violated because he was not given an adequate opportunity to present his arguments on equitable tolling; he never received notice of *Bove* or Misc. Order 21-11; the Veterans Court dismissed his appeal sua sponte; and he was afforded "no direction, guidance or notice . . . of where to look for the [Veterans Court]'s newly adopted law on equitable tolling." Appellant's Br. 19. We are not convinced.

Mr. Stoffel's claims that he was deprived of a meaningful opportunity to develop and present his arguments to the Veterans Court are simply without merit. He twice briefed the Veterans Court on why equitable tolling should excuse the delay in filing his NOA, and the court considered every excuse he presented. There is no indication that Mr. Stoffel's briefing was incomplete—indeed, he does not identify any facts or law the court failed to consider. There also was significant guidance available to him regarding the standards for equitable tolling that could have informed his briefing. The case law predating our opinion in *Henderson* explained the contours of the application of equitable tolling at the Veterans Court and was adopted in *Bove*. Like *Bove*, those cases were publically available and easily accessible to Mr. Stoffel's counsel.[3] Moreover, the Veterans Court's dismissal was not

---

[3] Mr. Stoffel also believes that Misc. Order 21-11 should have been provided to him. Notwithstanding the fact that the order was publically available, the Veterans Court found that it was emailed to all attorney's regis-

"sua sponte." Mr. Stoffel moved to reinstate his appeal, and the court declined to do so. There was no violation of Mr. Stoffel's right to due process here.

Mr. Stoffel's argument that the Veterans Court violated his right to equal protection is also unfounded. To sustain an equal protection claim, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct." *Allen v. Wright*, 468 U.S. 737, 751 (1984). Mr. Stoffel has not identified a traceable injury of any action by the Veterans Court. The heart of his argument is that, unlike some veterans, his case was not stayed pending the issuance of *Bove*. But Mr. Stoffel has not provided any explanation for how and why his case would have been decided differently as the result of a stay.[4] There is no indication that the holding in *Bove* or Mr. Stoffel's ability to rebrief the Veterans Court after *Bove* issued would have had any material effect on the adjudication of his case. In fact, the Veterans Court recognized the holding in *Bove* when denying Mr. Stoffel's motion to reinstate his appeal. *Stoffel*, 2012 WL 223909 at *1. Without identifying the effect of any alleged disparate treatment, Mr. Stoffel's equal protection claim is groundless.

---

tered to practice before the Veterans Court—including Mr. Hill. There is no merit to Mr. Stoffel's claim that his right to due process was violated because he was never provided access to that order.

[4]    In addition, Misc. Order 10-11 explained that any potentially aggrieved veteran may have requested a stay—including Mr. Stoffel. It issued before Mr. Stoffel filed his motion to reinstate his appeal. Mr. Stoffel's choice to forego a stay request pursuant to that order does not impute unconstitutional intent to the Veterans Court's decision to adjudicate his motion.

The prejudice Mr. Stoffel suffered during the adjudication of his case simply did not arise from actions taken by the Veterans Court. Rather, it appears to have been caused solely by Mr. Hill.[5] That was the conclusion of the Veterans Court's analysis of the facts here. We do not have jurisdiction to review the merits of that decision. To do so would require "the application of the law of equitable tolling to the facts of the case" and for us to "judge the accuracy of the facts found by the [Veterans Court]"— which we cannot do. *Leonard v. Gober*, 223 F.3d 1374, 1376 (Fed. Cir. 2000).

Therefore, the decision of the Veterans Court is affirmed.

**AFFIRMED**

---

[5] We find Mr. Hill's conduct in this case to be quite troubling. In his affidavit filed with the Veterans Court, Mr. Hill stated that he misfiled the Board's decision upon receipt but that "[a]s soon as the Board's decision and related documents were found, the Notice of Appeal was filed." But Mr. Hill's notice of appearance before the Veterans Court was dated September 2, 2010. Knowledge of the existence of the Board's decision was a logical prerequisite for signing that entry of appearance. Therefore, it appears that Mr. Hill knew of the Board's decision *eight days prior* to filing Mr. Stoffel's NOA and *six days prior* to the end of the filing period. There is no explanation for Mr. Hill's prejudicial decision to let the filing period for Mr. Stoffel's NOA expire.