NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LOURDES M. MADDEN,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2012-7152

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-1464, Judge Bruce E. Kasold.

---

Decided: July 15, 2013

---

LOURDES M. MADDEN, Zambales, Philippines, pro se.

AUSTIN FULK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Principal Deputy Assistant Attorney General, JEANNE E. DAVIDSON, Director, and TODD M. HUGHES, Deputy Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and CHRISTINA L. GREGG, Attorney, United States Department of Veterans Affairs, of Washington, DC.

---

Before MOORE, LINN, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Lourdes M. Madden ("Madden") appeals the order of the United States Court of Appeals for Veterans Claims ("Veterans Court") dismissing her appeal. *Madden v. Shinseki*, No. 11-1464, 2012 WL 1511771 (Vet. App. May 1, 2012). Because Madden raises no issue within this court's authority to review, this court dismisses the appeal.

## BACKGROUND

Madden filed a claim for certain benefits following the death of her husband, who was a veteran. The Board of Veteran's Appeals ("Board") ultimately denied her claim for lack of evidence of service connection. More than 120 days after the decision of the Board, which is the statutorily specified period for lodging an appeal, Madden appealed to the Veterans Court. The Veterans Court reacted by issuing an order instructing her to explain why her appeal should not be dismissed as untimely. Receiving no explanation from Madden, the Veterans Court dismissed Madden's appeal for failure to respond to the court's order. Madden appeals.

## DISCUSSION

Madden argues about the Board's determination of no service connection and the duty of the Department of Veterans Affairs to notify and assist. She contends that the Board failed to apply a statutory presumption relating to exposure to Agent Orange and misapplied the Veterans Claims Assistance Act of 2000.

The government argues that Madden's contentions go to the merits of the case rather than the procedural ground of dismissal and that this court lacks jurisdiction over the merits of the claim. The government argues that this court lacks jurisdiction to review the Veterans

Court's decision not to equitably toll the time for filling an appeal and that the Veterans Court was within its discretion in applying its rule permitting dismissal for failure to comply with an order.

Here, the Veterans Court dismissed Madden's appeal on procedural grounds for failing to comply with an order requesting an explanation for Madden's untimely appeal. Madden's arguments, rather than being directed to the procedural basis for the Veterans Court's dismissal, go to the merits of the case, which were not decided by the Veterans Court. Even if this court treats Madden's arguments as challenging the procedural decision of the Veterans Court, however, Madden raises no issue over which this court has the authority to review.

This court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case," unless the appeal "presents a constitutional issue." 38 U.S.C. § 7292(d)(2). First, the present case involves at most a factual determination that equitable tolling was not warranted. Such a factual determination is outside this court's jurisdiction. *See Leonard v. Gober*, 223 F.3d 1374, 1376 (Fed. Cir. 2000) ("The Court of Appeals for Veterans Claims in this case specifically found that Leonard failed to timely file her [notice of appeal] due to her own neglect and that the statute of limitations could not therefore be tolled. In order to reverse the court's decision, we would have to evaluate the facts and conclude otherwise. . . . Section 7292(d)(2) expressly bars us from reviewing challenges to the application of law to the facts of a particular case. We must therefore dismiss Leonard's appeal for lack of subject matter jurisdiction.").

Further, the Veterans Court's Rule 38(b), cited by the Veterans Court, states that "[f]ailure . . . to comply with an order of the Court . . . may be grounds for . . . dismissal of the appeal." Because Madden provided no response to the Veterans Court's order and because the Veterans Court made no ruling on equitable tolling, it is self-

evident that the Veterans Court's dismissal was nothing more than the application of Rule 38(b) to the uncontested facts of the case. Such an application is outside this court's jurisdiction. *See Bastien v. Shinseki*, 599 F.3d 1301, 1307 (Fed. Cir. 2010) ("The Veterans Court has broad discretion to interpret and apply its Rules of Practice and Procedure. The Veterans Court ruling involved either an application of its rule to the facts of Mrs. Bastien's case, which we have no jurisdiction to review, or an interpretation of the rule, which was neither clearly erroneous nor an abuse of discretion." (citation omitted)).

For the foregoing reasons, this court dismisses the appeal for lack of jurisdiction.

## DISMISSED

### COSTS

Each party shall bear its own costs.