NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MICHAEL WESLEY, SR.,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2014-7019

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 13-1640, Judge Mary J. Schoelen.

---

Decided: April 9, 2014

---

MICHAEL WESLEY, SR., of Augusta, Georgia, pro se.

VERONICA N. ONYEMA, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were STUART F. DELERY, Assistant Attorney General, BRYANT G. SNEE, Acting Director, and SCOTT D. AUSTIN, Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant, General Counsel, and CHRISTINA L. GREGG,

Attorney, United States Department of Veterans Affairs, of Washington, DC.

_____

Before MOORE, REYNA, and HUGHES, *Circuit Judges.*

PER CURIAM.

Michael Wesley, Sr. appeals from the decision of the United States Court of Appeals for Veterans Claims (Veterans Court) dismissing his appeal as untimely filed. We *dismiss* for lack of jurisdiction.

## BACKGROUND

Mr. Wesley served on active duty from 1984 to 1994. He made a claim for service connection for hypertension, which the Department of Veterans Affairs (VA) denied. Several years later, Mr. Wesley filed a request to reopen his claim, which the VA denied. Mr. Wesley appealed to the Board of Veterans Appeals (Board). The Board remanded Mr. Wesley's claim to the VA Regional Office (RO) to further develop the record. The RO again refused to reopen Mr. Wesley's claim, and Mr. Wesley appealed to the Board for the second time. The Board found that Mr. Wesley did not submit any new and material evidence to the RO, and affirmed the RO's denial of his request to reopen his claim. The Board instructed Mr. Wesley that the deadline to submit an appeal to the Veterans Court would expire 120 days from the date of the Board's decision. Mr. Wesley filed a Notice of Appeal (NOA) to the Veterans Court more than four months after the statutorily-mandated 120-day period expired.

The Veterans Court informed Mr. Wesley that his NOA was untimely filed, and ordered him to explain why it should not dismiss his appeal. He responded that he sent his "paper work" to two other places before he appealed to the Veterans Court. First, before the Board's decision issued, Mr. Wesley sent the Board a notice re-

questing rehearing, which the Board denied. Second, more than three months after the 120-day period expired, Mr. Wesley filed a petition with the Supreme Court of the United States.

The Veterans Court dismissed Mr. Wesley's appeal as untimely filed. *Wesley v. Shinseki*, No. 13-1640, slip op. at 2–3 (Vet. App. Sept. 12, 2013). It noted that the 120-day period could be equitably tolled if circumstances precluded a timely filing despite the exercise of due diligence, but determined that equitable tolling did not apply in this case. *Id.* at 2. The Veterans Court denied Mr. Wesley's motion for reconsideration, and entered judgment. Mr. Wesley appeals.

## DISCUSSION

We have jurisdiction to review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a). We lack jurisdiction, however, to review a challenge to factual determinations or the application of a law or regulation to particular facts, except to the extent that an appeal presents a constitutional issue. *Id.* § 7292(d)(2).

Mr. Wesley challenges the Veterans Court's dismissal of his appeal as untimely filed. Mr. Wesley asserts that he has sent letters that the government has not answered or addressed. He argues that we should make findings concerning the merits of his claim for service connection for hypertension or other conditions.

The government responds that we do not have jurisdiction to address Mr. Wesley's arguments because he does not challenge the Veterans Court's decision on a rule of law, or the validity or interpretation of a statute or regulation on which the Veterans Court relied. It con-

tends that Mr. Wesley presents "a mere disagreement with the court's finding that he failed to show that any circumstance, such as a timely misfiling, actually prevented him from filing a timely notice of appeal." Appellee Br. at 9.

We lack jurisdiction over this appeal. Mr. Wesley does not allege that the Veterans Court committed any legal error in holding that equitable tolling does not apply to his appeal. Nor has he argued that the Veterans Court's decision involved an interpretation of a statute or regulation. Mr. Wesley disputes the Veterans Court's finding that he failed to demonstrate that circumstances precluded timely filing of his NOA despite the exercise of due diligence. "[T]his constitutes, at the very least, the application of the law of equitable tolling to the facts of the case. [To exercise jurisdiction over this appeal], [w]e would also have to judge the accuracy of the facts found by the lower court. This we cannot do." *Leonard v. Gober*, 223 F.3d 1374, 1376 (Fed. Cir. 2000). In other words, we lack the authority to correct the errors that, according to Mr. Wesley, were purportedly made by the Veterans Court and the VA.

## CONCLUSION

We have considered Mr. Wesley's remaining arguments and do not find them persuasive. We conclude Mr. Wesley has not presented an issue over which we have jurisdiction.

## DISMISSED

## COSTS

No costs.