NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RICARDO V. COMFORT,**

*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2016-2376

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 15-2064, Judge Bruce E. Kasold.

---

Decided: November 8, 2016

---

RICARDO V. COMFORT, Virginia Beach, VA, pro se.

SEAN SIEKKINEN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., SCOTT D. AUSTIN; Y. KEN LEE, MEGHAN ALPHONSO, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before O'MALLEY, MAYER, and STOLL, *Circuit Judges.*

PER CURIAM.

Ricardo Comfort seeks review of the May 10, 2016 decision of the Court of Appeals for Veterans Claims (the "Veterans Court") affirming the March 18, 2015 decision of the Board of Veterans' Appeals (the "Board"). *Comfort v. McDonald*, No. 15-2064, 2016 WL 2640986 (Vet. App. May 10, 2016). For the reasons below, we *dismiss* Mr. Comfort's appeal for lack of jurisdiction.

BACKGROUND

Mr. Comfort served on active duty in the Army from October 1972 to October 1974. In February 2001, Mr. Comfort filed a claim of entitlement to service connection for post-traumatic stress disorder ("PTSD") and depression, which the Department of Veterans Affairs (the "VA") denied in April 2002. Mr. Comfort appealed to the Board, which in March 2004 affirmed with respect to the PTSD claim, but remanded with respect to the depression claim. Mr. Comfort did not appeal the Board's decision on the PTSD claim to the Veterans Court, and on July 26, 2004, that decision became final.

On December 6, 2004, the VA sent Mr. Comfort letters requesting information about his remanded depression claim. Mr. Comfort replied with three copies of a "Statement in Support of Claim" form (the "Form"), providing additional information regarding his claim for PTSD, depression, and other physical injuries he claimed were service connected: torn ligaments, a failed surgery on his right ear drum, high blood pressure, acid reflux, arthritis in his neck, hepatitis B, and hepatitis C. The Form did not contain any request for judicial review of the Board's decision.

On January 4, 2005, construing the Form to be a request to reopen his claim for PTSD benefits, the VA

denied service connection, but determined that the evidence proved that Mr. Comfort did suffer from PTSD. Mr. Comfort appealed the VA's decision to the Board, which remanded to the VA for further consideration in light of new evidence Mr. Comfort had provided on appeal. On March 29, 2013, the VA granted PTSD service connection with an effective date of January 4, 2005.

Mr. Comfort appealed to the Board, arguing that the Form should have been construed as a notice of appeal, rather than a request to reopen. Because the Form was a notice of appeal, Mr. Comfort argued, the proper effective date is the date of his original filing: February 2001. Although he filed the Form outside the 120-day window to appeal, Mr. Comfort claimed that equitable tolling applied; mental illness had prevented him from filing the appeal in a timely manner. The Board disagreed, affirming the VA's decision. Mr. Comfort appealed the Board's decision, and the Veterans Court affirmed. The Veterans Court noted in particular that the documents Mr. Comfort filed in response to the December 2004 VA letter did not mention judicial review, instead referring only to an internal VA review program. Regarding equitable tolling, the Veterans Court determined that Mr. Comfort failed to demonstrate that his condition prevented him from filing a notice of appeal. Mr. Comfort now appeals to this Court.

DISCUSSION

Our ability to review a decision of the Veterans Court is limited. We may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a). We have exclusive jurisdiction "to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof

brought under [38 U.S.C. § 7292], and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." *Id.* § 7292(c). Except to the extent an appeal presents a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

We agree with the government that we do not have jurisdiction over this appeal under 38 U.S.C. § 7292(d)(2). Interpretation of the contents of a claim for benefits is a factual matter over which this Court does not have jurisdiction. *Ellington v. Peake*, 541 F.3d 1364, 1371–72 (Fed. Cir. 2008). The Veterans Court interpreted the Form as a request to reopen a claim for benefits. Mr. Comfort now asks us to review that interpretation, which is beyond our purview. *See Moody v. Principi*, 360 F.3d 1306, 1310 (Fed. Cir. 2004) ("The interpretation of these prior filings is essentially a factual inquiry, and it is beyond our jurisdiction to make that determination.").

Even if we had jurisdiction to review the Veterans Court's interpretation of Mr. Comfort's Form, we plainly do not have jurisdiction over the Veterans Court's evaluation of his equitable tolling argument. *See Leonard v. Gober*, 223 F.3d 1374, 1375–76 (Fed. Cir. 2000). Mr. Comfort essentially argues that the Veterans Court misapplied the doctrine, as it should have found the fact that Mr. Comfort did not receive notice of denial sufficient justification for equitable tolling. He also contends that equitable tolling should apply because of his mental health issues. These arguments, however, challenge the Veterans Court's application of law to facts, an application this Court cannot review. *Dixon v. Shinseki*, 741 F.3d 1367, 1377 (Fed. Cir. 2014) ("This court is precluded from reviewing factual determinations bearing on a veteran's equitable tolling claim."); *Leonard*, 223 F.3d at 1375–76.

Because Mr. Comfort exclusively appeals matters over which this Court lacks jurisdiction, we must dismiss Mr. Comfort's appeal.

**DISMISSED**