NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**ELIJAH THOMAS,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

———————————

2018-2389

———————————

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-2063, Judge Mary J. Schoelen.

———————————

Decided: January 14, 2019

———————————

ELIJAH THOMAS, Shreveport, LA, pro se.

ALEXANDER ORLANDO CANIZARES, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOSEPH H. HUNT, CLAUDIA BURKE, ROBERT EDWARD KIRSCHMAN, JR.; BRANDON A. JONAS, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before PROST, *Chief Judge,* REYNA and TARANTO,
*Circuit Judges.*

PER CURIAM.

Appellant Elijah Thomas appeals an order of the U.S. Court of Appeals for Veterans Claims ("Veterans Court") dismissing his appeal. The Veterans Court determined that Mr. Thomas's appeal was untimely and that equitable tolling of the appeal deadline was unwarranted. This court lacks jurisdiction to review the timeliness of Mr. Thomas's appeal to the Veterans Court.

I

Mr. Thomas served on active duty from March 1971 to March 1973. On December 20, 2017, the Board of Veterans' Appeals ("Board") denied Mr. Thomas's claim for an earlier effective date for service connection for hypertension and his claim for entitlement to compensation for injuries sustained at a U.S. Department of Veterans Affairs ("VA") facility in 1998.[1]

Mr. Thomas filed a notice of appeal of the Board's decision with the Veterans Court on April 24, 2018. Because the notice was filed more than 120 days from the presumed date on which the Board mailed its decision to Mr. Thomas, the Secretary of Veterans Affairs moved to dismiss Mr. Thomas's appeal as untimely. Mr. Thomas, appearing pro se, responded to the Secretary's motion. He explained that his chronic back, neck, and shoulder pain prevented him from filing his notice of appeal on time—that is, by April 19, 2018. He further explained that he was caring for a long-time friend, which also contributed

---

[1] The Board also granted Mr. Thomas's total disability individual unemployability (TDIU) claim, granted his special monthly compensation claim, and remanded a service connection claim for a left hip disability.

to his need to file his notice five days late. With his response, Mr. Thomas included a January 2018 progress note from the Shreveport VA Medical Center, indicating that he experiences neck and shoulder pain.

After considering the Secretary's motion and Mr. Thomas's response, the Veterans Court noted that Mr. Thomas had not provided any additional evidence supporting his assertion that "he was unable to leave his house during the latter part of the 120 days," Resp't-Appellee App. 50, and ordered him to file "an additional response, along with any supportive documentation discussing whether the circumstances . . . warrant equitable tolling," *id.* at 51. Accordingly, Mr. Thomas filed another response, including additional medical records.

In July 2018, the Veterans Court granted the Secretary's motion to dismiss. Although the court acknowledged that Mr. Thomas's medical records reflect right shoulder pain, emergency room treatment, chronic neck pain, and swelling of the bilateral lower extremities, it ultimately concluded that Mr. Thomas failed to show that equitable tolling was warranted. According to the court, the argument and evidence of record did not prove that Mr. Thomas's physical condition prevented him from timely filing his notice of appeal. On the contrary, the court found that the evidence showed Mr. Thomas's independent mobility.

In August 2018, after denying Mr. Thomas's motion for reconsideration, the Veterans Court entered judgment. Mr. Thomas timely appealed to this court.

## II

The ability of this court to review Veterans Court decisions is limited by statute. 38 U.S.C. § 7292; *see Leonard v. Gober*, 223 F.3d 1374, 1375 (Fed. Cir. 2000). Under the statute, absent a constitutional challenge, this court lacks jurisdiction to review challenges to factual

determinations and to laws or regulations as applied to the facts of a case. 38 U.S.C. § 7292.

On appeal, Mr. Thomas does not appear to present a constitutional challenge. Nor does he appear to challenge the legal standard that the Veterans Court applied. Rather, Mr. Thomas argues factual reasons for why he missed the appeal deadline. Specifically, Mr. Thomas argues, as he did before the Veterans Court, that his medical condition precluded him from timely filing his notice of appeal. The Veterans Court made factual determinations as to Mr. Thomas's argument and evidence. It then applied the law to those fact findings and determined that Mr. Thomas's untimely appeal should not be subject to equitable tolling.

Because Mr. Thomas's appeal deals only with the Veterans Court's factual determinations and the application of equitable tolling to those facts, we are statutorily prohibited from entertaining the merits of his appeal. *Dixon v. Shinseki*, 741 F.3d 1367, 1377 (Fed. Cir. 2014) ("This court is precluded from reviewing factual determinations bearing on a veteran's equitable tolling claim." (internal citation omitted)); *Leonard*, 223 F.3d at 1376 (concluding that this court was barred from considering the veteran's arguments regarding application of equitable tolling to the facts of her case).[2]

### III

For the foregoing reasons, this appeal is dismissed.

---

[2] We acknowledge Mr. Thomas's motion for leave to supplement the record but conclude that the motion is moot because we lack jurisdiction to reach the merits of this case.

**DISMISSED**

Costs

The parties shall bear their own costs.